# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Miami Division

Case No.: 1:23-cv-20114-JAL

ISIDRO SUAREZ, MARIBEL
ALMAGUER, MARTHA MORO,
and MARIA L. ALMAGUER,

        Plaintiffs,

V.

NATIONSTAR MORTGAGE LLC
LLC d/b/a MR. COOPER

        Defendant.            /

## AMENDED COMPLAINT
## AND DEMAND FOR JURY TRIAL

        Plaintiffs, ISIDRO SUAREZ, MARIBEL ALMAGUER, MARTHA MORO, and

MARIA L. ALMAGUER (hereinafter "Plaintiffs"), files this amended complaint against

Defendant Nationstar Mortgage LLC, d/b/a Mr. Cooper ("Defendant" or "MR. COOPER")

and states:

### INTRODUCTION

1. This is an action brought by a consumer for Defendant's violation of the Real Estate

   Settlement Procedures Act, 12 U.S.C. §§ 2601, et seq. ("RESPA"), and its

   implementing regulation, Regulation X, 12 C.F.R. § 1024.

2. Specifically, Plaintiffs seeks the remedies as provided in RESPA § 2605(f)(1) for

   the Defendant MR. COOPER's failure to comply with sections §§ 2605(k)(1)(C)

Case 1:23-cv-20114-JAL Document 22 Entered on FLSD Docket 05/05/2023 Page 1 of 56

1

and (E) of RESPA; and for its violations of sections § 1024.35(b)(6) and § 1024.35(e)(1), under Regulation X.

3. Plaintiffs attempted to exercise his right of redemption and sought to obtain information and resolve servicing errors through the process afforded by Regulation X, RESPA.

4. Due to MR. COOPER'S failure to comply with Regulation X and failure to provide an accurate payoff statement, Plaintiffs have been unable to exercise his right of redemption and is at risk of losing his home. Plaintiffs have also suffered damages including presuit expenses incurred when attempting to utilize the pre-suit process afforded by Regulation X.

5. All conditions precedent to the filing of this action have been satisfied.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges federal claims and requires the resolution of substantial questions of federal law. Further, this Court has subject matter jurisdiction under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2614.

7. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

8. Venue in this District is proper because Plaintiffs reside in Miami-Dade County, Florida and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## **PARTIES**

9.   At all times material hereto, Defendant MR. COOPER was and is a Florida Foreign Limited Liability Company with its principal place of business located at 8950 Cypress Waters Boulevard, Dallas, Texas 75019.  Defendant MR. COOPER is duly licensed to transact business in the State of Florida and lists its registered agent as Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525.

10.  At all times material hereto, Defendant MR. COOPER is and was a loan servicer as that term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b). Moreover, MR. COOPER services the loan obligation that is secured by a mortgage upon the Plaintiffs'  primary residential property, located at 4470 SW 1st Street, Miami, Florida 33134 (the "Subject Property").

11.  MR. COOPER is the attorney in fact and agent for the investor/lender of Plaintiffs' mortgage loan.

12.  At all times material hereto, Plaintiffs Isidro Suarez, Maribel Almaguer, Martha Moro and Maria L. Almaguer (hereinafter, "Plaintiffs") owned and continues to own the subject property, which is located in Miami-Dade County, Florida.

13.  The Subject Property is a residential single-family home structure.

14.  At some point in time prior to the violations alleged herein, MR. COOPER was hired to service the subject loan.

15.  The subject loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b) and referred to by Defendant MR. COOPER as account number ******3746.

16.  Plaintiffs are natural persons residing in Miami, Florida.

## RESPA AND REGULATION X

17. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency that is authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, RESPA, and the respective implementing regulations.

18. As amended, it is a violation of RESPA for a servicer to "fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, *final balances for purposes of paying off the loan*, or avoiding foreclosure, or other standard servicer's duties." (Emphasis added) 12 U.S.C. § 2605(k)(1)(C).

19. Moreover, in January 2013, pursuant to the authority granted by the Dodd-Frank Wall Street Reform and Consumer Protection Act—Public Law No. 111-203, 124 Stat. 1376 (2010)—the Consumer Finance Protection Bureau ("CFPB") issued a number of final rules concerning mortgage markets in the United States—known as "Regulation X" and codified as 12 C.F.R. § 1024.1, et seq. Regulation X became effective on January 10, 2014.

20. 12 C.F.R. § 1024.35(e)(1) provides that:

1) a servicer must respond to an NOE by either "correcting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a phone number for further assistance"; or by

2) "conducting a reasonable investigation and providing the borrower with written notification that includes a statement that:

i) the servicer has determined that no error occurred; ii) a statement of the reason or reasons for this determination; iii) a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination; and iv) information regarding how the borrower can request such documents, and contact information, including a phone number, for further assistance."

21. Importantly, 12 C.F.R. § 1024.35(b)(6) permits a borrower to submit an NOE regarding a servicer's "failure to provide an accurate payoff balance amount upon a borrower's request," - even though a request for a payoff balance is predominantly governed by 12 C.F.R. § 1026.36(c)(3).

## PATTERN AND PRACTICE OF REGULATION X VIOLATIONS

22. Nationstar's actions are part of a pattern and practice of behavior in violation of Plaintiff's rights and in abdication and contravention of Nationstar's obligations under the mortgage servicing regulations set forth in Regulation X of RESPA.

23. As of the filing of this Complaint, Nationstar has had 6,692 consumer complaints lodged against it nationally related to problems with mortgage servicing and the payment process Each such complaint is filed and cataloged in the CFPB's publicly accessible online database which can be accessed at the following link: https://www.consumerfinance.gov/data-research/consumer-complaints/search/?company=NATIONSTAR%20MORTGAGE%20LLC&date_received_max=2023-02-20&date_received_min=2014-02-

20&page=1&product=Debt%20collection%E2%80%A2Mortgage%20debt&product=Mortgage%E2%80%A2Conventional%20home%20mortgage&searchField=all&size=25&sort=created_date_desc&tab=List.

## STATEMENT OF FACTS

24. At all relevant times, Plaintiffs had the right of redemption and have attempted to exercise that right on several occasions.

25. Plaintiffs began asking MR. COOPER for a payoff statement and other items from their servicing file as they intended and were able to pay off the amounts due and owing.

26. On or before October 27, 2022, MR. COOPER, received Plaintiffs' request for information ("RFI") pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 and/or it's implementing Regulations, Regulation X, 12 C.F.R. § 1024.36.  The RFI requested items from Plaintiffs' "servicing file"[1].  Also on or before October 27, 2022, Defendant MR. COOPER received Plaintiffs' first request for an accurate payoff balance ("1st payoff request") pursuant to 12 C.F.R. § 1026.36(c)(3).  A copy of Plaintiffs' October 19, 2022 RFI (with the 1st payoff request included); and a copy of the United States postal service's October 27, 2022 delivery confirmation of the same, are attached hereto as Exhibits "A" and "B", respectively.

27. On October 31, 2022, Defendant provided an insufficient response to Plaintiffs' October 19, 2022 RFI, in that MR. COOPER failed to provide Plaintiffs with copies of a payoff statement, loss mitigation call/conversation log, loss mitigation

---

[1] See 12 C.F.R. § 1024.38(c)(2)(i)-(iv).

correspondence, early intervention notice, and other items requested by Plaintiffs in the October 19, 2022 RFI.  A copy of the cover letter explaining the contents of Defendant's October 31, 2022 insufficient response to Plaintiffs' RFI, is attached hereto as Exhibit "C".

28. Since Defendant failed to timely respond to Plaintiffs' October 19, 2022 request for an accurate payoff balance within seven (7) business days, Plaintiffs, on or about November 23, 2022, sent MR. COOPER a notice of error (the "NOE").  In his NOE, Plaintiffs made a second request for an accurate payoff statement.   Defendant received Plaintiffs'  NOE and second payoff request on November 28, 2022 but failed to timely respond to and/or timely investigate Plaintiffs'  November 23, 2022 NOE. A copy of Plaintiffs' November 23, 2022 NOE (with the 2nd payoff request included); and a copy of the United States postal service's November 28, 2022 delivery confirmation of the same, are attached hereto as Exhibits "D" and "E", respectively.

29. Likewise, because Defendant MR. COOPER failed to provide a sufficient response to Plaintiffs' October 19, 2022 request for loss mitigation information including call notes, and other items, Plaintiffs, on November 23, 2022 sent Defendant a separate notice of error.  A copy of Plaintiffs' November 23, 2022 NOE (due to insufficient RFI response); and a copy the United States postal service's November 28, 2022 delivery confirmation of the same, are attached hereto as Exhibits "F" and "G", respectively.

30. Finally, because MR. COOPER choose not to provide Plaintiffs with a copy of the first "early intervention notice" that he requested on October 19, 2022, Plaintiffs,

on November 23, 2022 sent Defendant a notice of error ("NOE") due to its failure to comply with its "early intervention" obligations under 12 C.F.R. § 1024.39(b) of Regulation X.  A copy of Plaintiffs'  November 23, 2022 NOE (failure to provide early intervention notice); and a copy the United States postal service's November 28, 2022 delivery confirmation of the same, are attached hereto as Exhibits "H" and "I", respectively.

31. Had MR. COOPER responded to Plaintiffs' October 19, 2022 first request for an accurate payoff statement, for call/conversation logs, for early intervention and other notices, then, Plaintiffs may not have needed to send MR. COOPER any of the November 23, 2022 NOEs.

32. Defendant MR. COOPER has engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA as set forth in 12 U.S.C. § 2605.

33. Additionally, Plaintiffs were harmed by Defendant's repeated failure to timely provide Plaintiffs with an accurate payoff statement; and for its failure to respond to, and/or investigate Plaintiffs' repeated NOEs.  This is evidenced by the fact that Plaintiffs incurred costs relative to sending the multiple NOEs - such as his time, postage, traveling, photocopying costs; and potentially, reasonable attorney's fees. Despite such costs, Plaintiffs still did not timely and/or sufficiently receive the information to which he was legally entitled to - pursuant to RESPA and Regulation X.  Indeed, when MR. COOPER "failed to do that which it was obligated to do [under RESPA and Regulation X]" in response to Plaintiffs'  NOEs, the time and expense associated with Plaintiffs'  submissions of the NOEs "metamorphosed into

damages." *Marais v. Chase Home Fin., LLC*, 24 F.Supp.3d 712, 725 (S.D. Ohio 2014).

34. Pursuant to 12 U.S.C. § 2605(f)(1), Plaintiffs are entitled to actual damages as a result of Defendant MR. COOPER's failure to comply with Regulation X and RESPA.  Such damages includes, but are not limited to: (1) photocopying costs and postage costs incurred in mailing Plaintiffs' first notice of error; and (2) photocopying costs, postage costs, incurred as a result of having to send a notice of error due to Defendant's failure to adequately respond to Plaintiffs' first pre suit notices.

35. Plaintiffs have also suffered actual damages in the form of emotional distress, anxiety, the constant fear of losing their home, worry, embarrassment, and anguish because of the ongoing failures of the Defendant to *timely* address Plaintiffs request for an accurate payoff statement and NOEs.

36. Plaintiffs are entitled to statutory damages, as well as the costs of this action, together with a reasonable attorney's fee as determined by the court and pursuant to 12 U.S.C. § 2605(f)(3).

37. Due to MR. COOPER'S failure to comply with Regulation X, Plaintiff's counsel contacted counsel for MR. COOPER in an attempt to obtain the needed information and payoff statement.

38. By and through their counsel, MR. COOPER, provided a payoff statement that was unfair, misleading and attempted to collect amounts that could never have been incurred such as a *Winterization* fee.

39. According to the International Association of Certified Home Inspectors, "*Winterization"* is **the process of preparing a home for the harsh conditions of winter**. It is usually performed in the fall before snow and excessive cold have arrived. Winterization protects against damage due to bursting water pipes, and from heat loss due to openings in the building envelope.[2]  It is well known that Winterization is not performed in Southern Florida because it is not necessary.

40. Upon information and belief, MR. COOPER has an automated process that selects which charges to add to a consumer's loan and does not have a sufficient process for confirming the validity of these charges, such as a Winterization charge for a home located in South Florida.

41. Additionally, MR. COOPER charged for ambiguous and erroneous amounts including but not limited to a "Property Preservation Fee," "Third Party Reconveyance Preparation Fee," "Hazard Inspection" "Payoff Quote Fee," and "Documentary Tax Stamp."

42. To date, Plaintiffs have yet to receive an accurate Payoff Statement from MR. COOPER.

## COUNT I

*MR. COOPER's VIOLATON OF*
*THE REAL ESTATE PROCEDURES ACT ("RESPA")*
*__(12 U.S.C. § 2605(k)(1)(E))__*

43. Plaintiffs repeat and reallege paragraphs 1 through 42 with the same force and effect as though fully set forth herein.

---

[2]

https://www.nachi.org/winterization.htm#:~:text=Winterization%20is%20the%20process%20of,openings%20in%20the%20building%20envelope.

44. Under 12 U.S.C. § 2605(k)(1)(E), a servicer of a federally related mortgage loan, [such as MR. COOPER], must comply with *any* obligations found by the Bureau of Consumer Financial Protection ("CFPB"). These obligations include, but are not limited to, complying with 12 C.F.R. § 1026.36(c)(3) under Regulation Z of the Truth in Lending Act ("TILA").

45. On October 19, 2022, Plaintiffs submitted a request for an accurate payoff statement pursuant to 12 C.F.R. § 1026.36(c)(3) of the Truth in Lending Act ("*first* payoff request") to MR. COOPER.   Defendant received Plaintiffs' *first* payoff request on October 27, 2022. (See Exhibits "A" and "B", respectively).

46. Plaintiffs' *first* payoff request was for information related to his mortgage loan, and was for the purpose of him possibly paying off the loan through a negotiated  sale of the subject property, and to avoid foreclosure of his home as contemplated by 12 U.S.C. § 2605(k)(1)(C); (also see 12 C.F.R. § 1026.36(c)-(d)).

47. Nevertheless, MR. COOPER failed to provide a timely written response to Plaintiffs' *first* payoff request and therefore it [MR. COOPER] failed to comply with an obligation found by the CFPB (the obligation to timely provide a payoff statement under TILA).  Thus, Defendant violated 12 U.S.C. § 2605(k)(1)(E) by failing to fulfil its obligation to comply with 12 C.F.R. 1026.36(c)-(d), under the CFPB's Regulation Z.

48. Defendant's failure to provide a timely response to Plaintiffs' October 19, 2022 *first* request for an accurate payoff balance within the applicable timeframes of seven (7) business days of receipt said request, constitutes a clear violation of the CFPB's

requirements under 12 C.F.R. § 1026.36(c), and therefore violates 12 U.S.C. § 2605(k)(1)(E).

49. Plaintiffs were harmed by MR. COOPER's failure to comply with the requirements of RESPA, 12 U.S.C. § 2605(k)(1)(E), because he incurred the expenses associated with sending the aforementioned Inquiries/NOEs and repeated payoff requests. Said expenses includes, but are not limited to: his time, postage cost, traveling cost, photocopying costs, and potentially reasonable attorney's fees etc. - but still did not, and has not, timely and/or adequately receive the information or responses to which he was legally entitled to, pursuant to RESPA and Regulation Z.

50. Here, Defendant is attempting to evade its legal obligations and is effectively stripping the Plaintiffs of their right to obtain an accurate payoff statement within, and subject to, the protective framework of RESPA and TILA.  In fact, MR. COOPER has simply disregarded its obligation to timely respond to Plaintiffs' October 19, 2022 requests for an accurate payoff statement in violation of 12 U.S.C. § 2605(k)(1)(E).

51. As shown by the repeated violations alleged herein, Defendant's actions are in continuation of a pattern and practice of behavior in conscious disregard of the Plaintiffs' rights.

52. Because of its actions, MR. COOPER is therefore liable to Plaintiffs for actual damages, statutory damages, costs, and attorney fees. See 12 U.S.C. §§ 2605(f)(1)-(3).

## COUNT II

*MR. COOPER's VIOLATON OF*
*THE REAL ESTATE PROCEDURES ACT ("RESPA")*
*(12 U.S.C. § 2605(k)(1)(E))*

53. Plaintiffs repeat and reallege paragraphs 1 through 42 with the same force and effect as though fully set forth herein.

54. Under 12 U.S.C. § 2605(k)(1)(E), a servicer of a federally related mortgage loan, [such as MR. COOPER], must comply with *any* obligations found by the Bureau of Consumer Financial Protection ("CFPB"). These obligations include, but are not limited to, complying with 12 C.F.R. § 1026.36(c)(3) under Regulation Z of the Truth in Lending Act ("TILA").

55. On November 23, 2022, Plaintiffs submitted a *second* request for an accurate payoff statement pursuant to 12 C.F.R. § 1026.36(c)(3) of the Truth in Lending Act ("*second* payoff request") to MR. COOPER.   Defendant received Plaintiffs' second payoff request on November 28, 2022. (See Exhibits "D" and "E", respectively).

56. Plaintiffs' *second* payoff request was for information related to his mortgage loan, and was for the purpose of him possibly paying off the loan through a negotiated sale of the subject property, and to avoid foreclosure of his home as contemplated by 12 U.S.C. § 2605(k)(1)(C); (also see 12 C.F.R. § 1026.36(c)-(d)).

57. Nevertheless, MR. COOPER failed to provide a timely written response to Plaintiffs' *second* payoff request and therefore it [MR. COOPER] failed to comply with an obligation found by the CFPB (the obligation to timely provide a payoff statement under TILA).   Thus, Defendant violated 12 U.S.C. § 2605(k)(1)(E) by

failing to fulfill its obligation to comply with 12 C.F.R. 1026.36(c)-(d), under the CFPB's Regulation Z.

58. MR. COOPER's failure to provide a timely response to Plaintiffs' November 23, 2022 *second* request for an accurate payoff balance within the applicable timeframes of seven (7) business days of receipt said request, constitutes a clear violation of the CFPB's requirements under 12 C.F.R. § 1026.36(c), and therefore violates 12 U.S.C. § 2605(k)(1)(E).

59. Plaintiffs were harmed by MR. COOPER's failure to comply with the requirements of RESPA, 12 U.S.C. § 2605(k)(1)(E), because they incurred the expenses associated with sending the aforementioned Inquiries/NOEs and repeated payoff requests.  Said expenses include, but are not limited to: their time, postage cost, traveling cost, photocopying costs, and potentially reasonable attorney's fees etc. - but still did not, and has not, timely and/or adequately receive the information or responses to which he was legally entitled to, pursuant to RESPA and Regulation Z.

60. Here, Defendant is attempting to evade its legal obligations and is effectively stripping the Plaintiffs of their right to obtain an accurate payoff statement within, and subject to, the protective framework of RESPA and TILA.  In fact, MR. COOPER has simply disregarded its obligation to timely respond to Plaintiffs' November 23, 2022 *second* requests for an accurate payoff statement in violation of 12 U.S.C. § 2605(k)(1)(E).

61. As shown by the repeated violations alleged herein, MR. COOPER's actions are in continuation of a pattern and practice of behavior in conscious disregard of the Plaintiffs' rights.

**62.** Because of its actions, Defendant is therefore liable to Plaintiffs for actual damages, statutory damages, costs, and attorney fees. See 12 U.S.C. §§ 2605(f)(1)-(3).

**COUNT III**

*MR. COOPER's VIOLATON OF*
*THE REAL ESTATE PROCEDURES ACT ("RESPA")*
**_(12 U.S.C. § 2605(k)(1)(E))_**

63. Plaintiffs repeat and reallege paragraphs 1 through 42 with the same force and effect as though fully set forth herein.

64. Under 12 U.S.C. § 2605(k)(1)(E), a servicer of a federally related mortgage loan, [such as MR. COOPER], must comply with *any* obligations found by the Bureau of Consumer Financial Protection ("CFPB"). These obligations include, but are not limited to, complying with 12 C.F.R. § 1024.36(d)(1) and 12 C.F.R. § 1024.36(d)(2)(i)(B) under Regulation X of the Real Estate Settlement Procedures Act ("RESPA").

65. On October 19, 2022, Plaintiffs submitted a request for information ("RFI") to Defendant for items from Plaintiffs' "servicing file" as defined by 12 C.F.R. § 1024.38(c)(2), including but not limited to copies of "call notes" (begging January 1, 2020.  Defendant MR. COOPER received Plaintiffs' RFI on October 27, 2022. (See Exhibits "A" and "B", respectively).

66. On October 31, 2022, MR. COOPER responded to Plaintiffs' October 19, 2022 RFI. However, in its October 31, 2022 response, Defendant failed to sufficiently provide

Plaintiffs with the items he requested on October 19, 2022, including but not limited to copies of: "call notes or conversation logs"; "loss mitigation correspondence; "new creditor notice"; and other items.

67. Clearly, MR. COOPER failed to provide a sufficient response to Plaintiffs' October 19, 2022 RFI, and therefore it [MR. COOPER] failed to comply with an obligation found by the CFPB (the obligation to timely provide an adequate and timely response to Plaintiffs' RFI under 12 C.F.R. § 1024.36). Thus, Defendant violated 12 U.S.C. § 2605(k)(1)(E) by failing to fulfil its obligation to comply with 12 C.F.R. § 1024.36, under the CFPB's Regulation X.

68. Specifically, MR. COOPER's failure to provide a timely and sufficient response to Plaintiffs' October 19, 2022 RFI within the applicable timeframes of 30 business days of receipt said request, constitutes a clear violation of the CFPB's requirements under 12 C.F.R. § 1024.36, and therefore violates 12 U.S.C. § 2605(k)(1)(E). A copy of the cover letter confirming what was, and what was not included in MR. COOPER's October 31, 2022 response to Plaintiffs' RFI, is attached hereto as Exhibit "C".

69. Plaintiffs were harmed by MR. COOPER's failure to comply with the requirements of RESPA, 12 U.S.C. § 2605(k)(1)(E), because they incurred the expenses associated with sending the aforementioned Inquiries/NOEs and repeated payoff requests. Said expenses includes, but are not limited to: their time, postage cost, traveling cost, photocopying costs, and potentially reasonable attorney's fees etc. - but still did not, and has not, timely and/or adequately receive the information or

responses to which he was legally entitled to, pursuant to RESPA and Regulation Z.

70. Here, Defendant is attempting to evade its legal obligations and is effectively stripping the Plaintiffs of their right to obtain an accurate payoff statement within, and subject to, the protective framework of RESPA and TILA.  In fact, MR. COOPER has simply disregarded its obligation to timely and adequately respond to Plaintiffs' October 19, 2022 requests for information in violation of 12 U.S.C. § 2605(k)(1)(E).

71. As shown by the repeated violations alleged herein, MR. COOPER's actions are in continuation of a pattern and practice of behavior in conscious disregard of the Plaintiffs' rights.  Because of its actions, Defendant is therefore liable to Plaintiffs for actual damages, statutory damages, costs, and attorney fees. See 12 U.S.C. §§ 2605(f)(1)-(3).

### COUNT IV

*MR. COOPER's VIOLATON OF*
*THE REAL ESTATE PROCEDURES ACT ("RESPA")*
***12 U.S.C. § 2605(k)(1)(C))***

72. Plaintiffs repeat and reallege paragraphs 1 through 42 with the same force and effect as though fully set forth herein.

73. Under 12 U.S.C. § 2605(k)(1)(C), a servicer of a federally related mortgage loan, such as MR. COOPER, must "take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, *final balances for purposes of paying off the loan*, or avoiding foreclosure, or other standard servicer's duties". (Emphasis added).  This requirement certainly includes MR. COOPER "timely"

responding to Plaintiffs' repeated requests to correct errors relating to the "final balances for purposes of paying off the loan" - which was precisely Plaintiffs' purpose when they requested such "final balance" on October 19, 2022 and again on November 23, 2022.

74. On November 23, 2022, Plaintiffs, pursuant to 12 C.F.R. § 1024.35(b)(6), submitted a request for MR. COOPER to correct an error relating to the alleged final balance that Plaintiffs needed to "pay off" the subject loan. MR. COOPER received Plaintiffs' pay off request on October 27, 2022, and again on November 28, 2022. (See Exhibit "B" and "E", respectively).

75. Despite receiving Plaintiffs' payoff balance inquiry on November 28, 2022 at the address that it has designated to receive such inquiries (See Exhibit "D"), Defendant still choose to ignore Plaintiffs' November 23, 2022 error correction request, and Defendant has therefore "failed to take timely action to respond to the November 23, 2022 request. This failure is a direct violation of 12 U.S.C. § 2605(k)(1)(C).

76. Indeed, Plaintiffs were harmed by MR. COOPER's failure to comply with the 12 U.S.C. § 2605(k)(1)(C).  This is factual, because Plaintiffs incurred the expenses associated with sending the November 23, 2022 error correction request.  Those expenses include, but are not limited to: his time, postage cost, traveling cost, photocopying costs, and potentially reasonable attorney's fees etc. - but even after suffering those expenses, Defendant is still causing Plaintiffs' additional expenses.

77. Here, MR. COOPER is attempting to evade its legal obligations imposed on it by 12 U.S.C. § 2605(k)(1)(C), and is effectively stripping the Plaintiffs of their right to receive a timely response and reasonable investigation to his November 23, 2022

18

request.  Defendant's failure is also stripping Plaintiffs of their right to submit an Inquiry and NOE within, and subject to the protective framework of RESPA and Regulation X.

78. As shown by the repeated violations alleged herein, MR. COOPER's actions are in continuation of a pattern and practice of behavior in conscious disregard of the Plaintiffs' rights.

79. Because of its actions, Defendant is therefore liable to Plaintiffs for actual damages, statutory damages, costs, and attorney fees. 12 U.S.C. §§ 2605(f)(1)-(3).

## COUNT V

*MR. COOPER's VIOLATON OF*
*REGULATION X*
*12 C.F.R. § 1024.35(b)(6)*

80. Plaintiffs repeat and reallege paragraphs 1 through 42 with the same force and effect as though fully set forth herein.

81. Under 12 C.F.R. § 1024.35(b)(6) of Regulation X, it is an "covered" error if a Servicer [such as MR. COOPER], fails to provide an accurate payoff balance amount upon a borrower's request in violation of section 12 C.F.R. § 1026.36c)(3).

82. On November 23, 2022, Plaintiffs sent MR. COOPER a "notice of error" due to its failure to timely provide Plaintiffs with an accurate payoff balance as requested by Plaintiffs on October 19, 2022 and again on November 23, 2022. (See Exhibit "A" and "D", respectively).  Defendant received Plaintiffs' November 23, 2022 NOE on November 28, 2022. (See Exhibit "E").

83. Unfortunately however, MR. COOPER failed to timely provide an accurate payoff balance amount upon Plaintiffs' November 23, 2022 written inquiry in violation of 12 C.F.R. § 1024.35(b)(6).

84. Indeed, Plaintiffs were harmed by Defendant's failure to comply with the 12 C.F.R. § 1024.35(b)(6), in that Plaintiffs incurred the expenses associated with sending the November 23, 2022 NOE.  Those expenses include, but are not limited to: their time, postage cost, traveling cost, photocopying costs, and potentially reasonable attorney's fees etc. - but even after suffering those expenses, MR. COOPER is still causing Plaintiffs' additional expenses.

85. Here, MR. COOPER is attempting to evade its legal obligations imposed on it by 12 C.F.R. § 1024.35(b)(6), and is effectively stripping the Plaintiffs of their right to receive a timely response and reasonable investigation to his November 23, 2022 NOE.  MR. COOPER's failure is also stripping Plaintiffs of their right to submit an Inquiry and NOE within, and subject to the protective framework of Regulation X.

86. As shown by the repeated violations alleged herein, Defendant's actions are in continuation of a pattern and practice of behavior in conscious disregard of the Plaintiffs' rights.

87. Because of its actions, MR. COOPER is therefore liable to Plaintiffs for actual damages, statutory damages, costs, and attorney fees. 12 U.S.C. §§ 2605(f)(1)-(3).

[Remainder of Page Left Intentionally Blank]

## COUNT VI

### *MR. COOPER's VIOLATON OF*
### *REGULATION X*
### *12 C.F.R. § 1024.35(e)(1)*

88. Plaintiffs repeat and reallege paragraphs 1 through 42 with the same force and effect as though fully set forth herein.

89. Under 12 C.F.R. § 1024.35(e)(1)(i) of Regulation X, a servicer must respond to a notice of error by either:

> (A) Correcting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a telephone number, for further assistance; or
> (B) Conducting a reasonable investigation and providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a telephone number, for further assistance.

90. 12 C.F.R. § 1024.35(e)(3)(i)(A) of Regulation X, provides that a servicer must comply with the requirements of paragraph (e)(1) of that section, **"not later than seven days"** (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives the notice of error for errors asserted under paragraph (b)(6) of section 12 C.F.R. § 1024.35. (Emphasis added).

91. On November 23, 2022, Plaintiffs submitted a notice of error ("NOE") to MR. COOPER in which Defendant received on November 28, 2022 at the address that it has designated to receive such NOEs.  Plaintiffs' November 23, 2022 NOE was for an error asserted under 12 C.F.R. § 1024.35(b)(6) of Regulation X (See Exhibit "D").

92. As of the date of this Complaint, MR. COOPER still has not complied with 12 C.F.R. § 1024.35(e)(1)(i), in that it has failed to, among other requirements, "correct the error(s) asserted in Plaintiffs' November 23, 2022 notice of error" - and to do so, "not later than seven days" after it received Plaintiffs' NOE on November 28, 2022.

93. Indeed, Plaintiffs were harmed by MR. COOPER's failure to comply with the 12 C.F.R. § 1024.35(e)(1)(i) and 12 C.F.R. § 1024.35(e)(3)(i)(A) of Regulation X, in that Plaintiffs incurred the expenses associated with sending the November 23, 2022 NOE. Those expenses include, but are not limited to: their time, postage cost, traveling cost, photocopying costs, and potentially reasonable attorney's fees etc. - but even after suffering those expenses, Defendant is still causing Plaintiffs' additional expenses.

94. Here, MR. COOPER is attempting to evade its legal obligations imposes on it by 12 C.F.R. § 1024.35(e)(1), and is effectively stripping the Plaintiffs of their right to receive a timely response and reasonable investigation to his November 23, 2022 NOE. MR. COOPER's failure is also stripping Plaintiffs of their right to submit an Inquiry and NOE within, and subject to the protective framework of Regulation X.

95. As shown by the repeated violations alleged herein, Defendant's actions are in continuation of a pattern and practice of behavior in conscious disregard of the Plaintiffs' rights.

96. Because of its actions, MR. COOPER is therefore liable to Plaintiffs for actual damages, statutory damages, costs, and attorney fees. 12 U.S.C. §§ 2605(f)(1)-(3).

## COUNT VII

*MR. COOPER's VIOLATON OF*
*REGULATION X*
**12 C.F.R. § 1024.35(e)(1)**

97. Plaintiffs repeat and reallege paragraphs 1 through 42 with the same force and effect as though fully set forth herein.

98. Under 12 C.F.R. § 1024.35(e)(1)(i) of Regulation X, a servicer must respond to a notice of error by either:

> (A) Correcting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a telephone number, for further assistance; or
> (B) Conducting a reasonable investigation and providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a telephone number, for further assistance.

99. 12 C.F.R. § 1024.35(e)(3)(i)(C) of Regulation X, provides that a servicer must comply with the requirements of paragraph (e)(1) of that section, **"not later than 30 days"** (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives the applicable notice of error.

100.     On November 23, 2022, Plaintiffs submitted a notice of error ("NOE") to MR. COOPER in which Defendant MR. COOPER received on November 28, 2022 at the address that it has designated to receive such NOEs. (See Exhibits "F" and "G", respectively).  Plaintiffs' November 23, 2022 NOE was due to Defendant's failure to provide Plaintiffs with a sufficient response to his October 19, 2022 RFI.

101.     Despite receiving Plaintiffs' NOE on November 28, 2022, Defendant has failed to comply with 12 C.F.R. § 1024.35(e)(1)(i), in that it has failed to, among other requirements, "correct the error(s) asserted in Plaintiffs' November 23, 2022 notice of error", and to do so, "not later than 30 days" after it received Plaintiffs' notice of error on November 28, 2022.

102.     Indeed, Plaintiffs were harmed by MR. COOPER's failure to comply with the 12 C.F.R. § 1024.35(e)(1)(i) and 12 C.F.R. § 1024.35(e)(3)(i)(A) of Regulation X, in that Plaintiffs incurred the expenses associated with sending the November 23, 2022 NOE.  Those expenses include, but are not limited to: his time, postage cost, traveling cost, photocopying costs, and potentially reasonable attorney's fees etc. - but even after suffering those expenses, Defendant is still causing Plaintiffs additional expenses.

103.     Here, MR. COOPER is attempting to evade its legal obligations imposes on it by 12 C.F.R. § 1024.35(e)(1), and is effectively stripping the Plaintiffs of their right to receive a timely response and reasonable investigation to his November 23, 2022 NOE.  Defendant's failure is also stripping Plaintiffs of their right to submit an Inquiry and NOE within, and subject to the protective framework of Regulation X.

104.     As shown by the repeated violations alleged herein, MR. COOPER's actions are in continuation of a pattern and practice of behavior in conscious disregard of the Plaintiffs' rights.  Because of its actions, Defendant is therefore liable to Plaintiffs for actual damages, statutory damages, costs, and attorney fees. 12 U.S.C. §§ 2605(f)(1)-(3).

<u>**COUNT VIII**</u>

*MR. COOPER's VIOLATON OF*
*REGULATION X*
<u>***12 C.F.R. § 1024.35(e)(1)***</u>

105.    Plaintiffs repeat and reallege paragraphs 1 through 42 with the same force and effect as though fully set forth herein.

106.    Under 12 C.F.R. § 1024.35(e)(1)(i) of Regulation X, a servicer must respond to a notice of error by either:

> (A) Correcting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a telephone number, for further assistance; or
> (B) Conducting a reasonable investigation and providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a telephone number, for further assistance.

107.    <u>12 C.F.R. § 1024.35(e)(3)(i)(C)</u> of Regulation X, provides that a servicer must comply with the requirements of paragraph (e)(1) of that section, **"not later than 30 days"** (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives the applicable notice of error.

108.    On November 23, 2022, Plaintiffs submitted a notice of error ("NOE") to MR. COOPER in which Defendant received on November 28, 2022 at the address that it has designated to receive such NOEs. (See Exhibits "H" and "I", respectively).  Plaintiffs' November 23, 2022 NOE was due to MR. COOPER's failure to provide Plaintiffs with a copy of the very first "early intervention" written notice as mandated by 12 C.F.R. § 1024.39(b)(1).

109.     As of the date of this Complaint, MR. COOPER has failed to comply with 12 C.F.R. § 1024.35(e)(1)(i), in that it has failed to, among other requirements, "correct the error(s) asserted in Plaintiffs' November 23, 2022 notice of error", and to do so, "not later than 30 days" after it received Plaintiffs' notice of error on November 28, 2022.

110.     Indeed, Plaintiffs were harmed by MR. COOPER's failure to comply with the 12 C.F.R. § 1024.35(e)(1)(i) and 12 C.F.R. § 1024.35(e)(3)(i)(A) of Regulation X, in that Plaintiffs incurred the expenses associated with sending the November 23, 2022 NOE.  Those expenses include, but are not limited to: their time, postage cost, traveling cost, photocopying costs, and potentially reasonable attorney's fees etc. - but even after suffering those expenses, Defendant is still causing Plaintiffs additional expenses.

111.     Here, MR. COOPER is attempting to evade its legal obligations imposes on it by 12 C.F.R. § 1024.35(e)(1), and is effectively stripping the Plaintiffs of their right to receive a timely response and reasonable investigation to his November 23, 2022 NOE.  Defendant's failure is also stripping Plaintiffs of their right to submit an Inquiry and NOE within, and subject to the protective framework of Regulation X.

112.     As shown by the repeated violations alleged herein, MR. COOPER's actions are in continuation of a pattern and practice of behavior in conscious disregard of the Plaintiffs' rights.  Because of its actions, Defendant is therefore liable to Plaintiffs for actual damages, statutory damages, costs, and attorney fees. 12 U.S.C. §§ 2605(f)(1)-(3).

**WHEREFORE**, Plaintiffs pray for an Order as follows:

    A. Entering judgment in favor of Plaintiffs and against Defendant;

    B. Awarding Plaintiffs their actual damages and statutory damages as allowed under RESPA;

    C. Awarding Plaintiffs their attorneys' fees and costs, including interest thereon, as allowed or required by law; and,

    D. Granting all such further and other relief as this Court deems just and appropriate.

## JURY DEMAND

Plaintiffs hereby request a trial by jury on all issues.

Dated: February 20, 2023.

> Respectfully submitted,
> BRUCE BOTSFORD, P.A.
> 2524 Flamingo Lane
> Ft. Lauderdale, Florida 33312
> Telephone: (954) 663-7002
> service@botsfordlegal.com
> supportleader@botsfordlegal.com
> botslaw@gmail.com
>
> By: *Bruce Botsford*
> BRUCE BOTSFORD
> Florida Bar No. 31127

## CERTIFICATE OF SERVICE

I certify that February 20, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on counsel of record in this action via transmission of Notices of Electronic Filing generated by CM/ECF.

BRUCE BOTSFORD, P.A.

By: *Bruce Botsford*
BRUCE BOTSFORD
Florida Bar No. 31127

# EXHIBIT 'A'

**Isidro Suarez &**
**Martha Moro**
c/o
**H.O.U.S.E. Help, Inc.**
*(A Florida Non-profit Organization)*
P.O. Box 5741
Fort Lauderdale, Florida 33310

October 19, 2022

**Mr. Cooper**
Attn: Customer Relations
PO Box 619098
Dallas, TX 75261-9741
ATTN: Notice of Error/RFI          Certified Mail # 9505 5142 0036 2298 7188 56

| | |
|---|---|
| **Property Owner:** | **Isidro Suarez &** |
| | **Martha Moro** |
| **Property Address:** | 4470 SW 1st Street |
| | Coral Gables, Florida 33134 |
| **Loan Number:** | **059 991 3746** |

### Request For Information (RFI)

    1.  Pursuant to the Real Estate Settlement Procedures Act (RESPA); 12 U.S.C. § 2605(e) and its implementing regulations, Regulation X – 12 C.F.R. § 1024.36, this is a "Request for Information" (RFI) in regard to the servicing of the Mortgage Loan referenced above. Specifically, I am requesting the information below for the period beginning January 1, 2020 until your receipt of this request (the "applicable time period'). Please provide my authorized third party agent, HOUSE Help, Inc. (see address below), with copies of the information requested below:

    2.  A copy of the following documents from my "servicing file" that, pursuant to 12 C.F.R. § 1024.38(c)(2), Mr. Cooper ("MR. COOPER") is required to maintain:

        (a) A ***Complete Account History*** which reflects all transactions credited or debited to the mortgage loan account (during the "life of the loan"), including any escrow account as defined in § 1024.17(b) and any suspense account;

        (b) Any and ***All Call Notes*** created by servicer personnel reflecting communications with the borrower about the mortgage loan account (during the applicable time period) (see 12 C.F.R. § 1024.38(c)(2)(i));

1

(c) Copies of any *Information and Documents* provided by the borrower to the servicer in accordance with the procedures set forth in § 1024.35 or § 1024.41 (during the applicable time period).

3. Copies of all *Loss Mitigation Correspondence* that MR. COOPER (or its predecessors) provided to me or to my representative(s) (during the applicable time period), including all loss mitigation solicitation letters, acknowledgement letters, notices (including but not limited to any and all notices required by 12 C.F.R § 1024.41(b)(2)(i)(B), 12 C.F.R. § 1024.41(c)(3)(i) and 12 C.F.R. § 1024.41(d)), and any other responses to all loss mitigation applications that I've submitted to MR. COOPER during the applicable time period.

4. Copies of all *Loss Mitigation Correspondence* submitted by me or by my representative to MR. COOPER or its predecessors (during the applicable time period), including but not limited to any and all <u>Loss Mitigation Application(s).</u>

5. Copies of any *Information and Documents* exchanged between me or my representative, and MR. COOPER or its predecessors in accordance with the procedures set forth in 12 C.F.R. § 1024.35 and 12 C.F.R. § 1024.36. This request includes, but is not limited to all "Request of Information" and "Notices of Error" submitted by me. This request also includes all of MR. COOPER's notices and responses as required by 12 C.F.R. § 1024.35 and 12 C.F.R. § 1024.36.

6. Copies of any *Credit Reports* used to evaluate me for any loss mitigation options during the relevant time period.

7. Copies of any *Appraisals and/or BPOs* used to determine the market value of the subject property securing the above referenced mortgage loan.

8. Copies of the most *Recent three (3) Mortgage Statements* regarding the above referred loan that were issued by MR. COOPER prior to its receipt of this request for information.

9. Copies of the *First three (3) Mortgage Statements* regarding the above referred loan that were issued by MR. COOPER immediately after my alleged payment default(s) on the loan.

10. Copies of any and all *Mortgage Servicing Transfers* (sometimes referred to as "Goodbye/Hello" letters) of the above referenced Mortgage Loan Account (See 12 C.F.R. § 1024.33(b)).

11. The *Identity of the Owner*, Investor and/or Assignee of the above referenced mortgage loan, including such owner's name, address, telephone number, website, and email address, and/or any other information which identifies the owner, investor or assignee (see 12 C.F.R. § 1024.36(d)(2)(i)(A)).

2

12. A copy of the *New Creditor Notice* required by 15 U.S.C. 1641(g)(1), (also see 12 C.F.R. 1024.36(d)(1)).

13. An *Accurate Payoff Balance/Statement* which reflects the total amount currently required to pay off the above referenced mortgage loan in full. (See 12 C.F.R. § 1026.36(c)(3); also see 1024.35(b)(6)).

14. A copy of the very first "*Early Intervention*" written notice as required by 12 C.F.R. § 1024.39(b)(1) of Regulation X.

## ***** PLEASE SEND ALL CORRESPONDENCE TO *****:

# c/o H.O.U.S.E. Help, Inc.

### *(a Florida Non-profit Organization)*
P.O. Box 5741
Fort Lauderdale, Florida 33310

---

Isidro Suarez,  _____

---

Martha Moro,  _____

# EXHIBIT 'B'

# USPS Tracking®

FAQs ›

**Tracking Number:**                                                      Remove ✕

## 9505514200362298718856

Copy          Add to Informed Delivery
(https://informeddelivery.usps.com/)

## Latest Update

Your item has been delivered and is available at a PO Box at 2:21 pm on October 27, 2022 in DALLAS, TX 75261.

## Delivered
**Delivered, PO Box**

DALLAS, TX 75261
October 27, 2022, 2:21 pm

**See All Tracking History**

Feedback

---

**Text & Email Updates**                                                   ⌄

---

**USPS Tracking Plus®**                                                     ⌄

---

**Product Information**                                                     ⌄

**See Less** ⌃

Track Another Package

Enter tracking or barcode numbers

# EXHIBIT 'C'

 P.O. Box 619098
Dallas, TX 75261-9741

CHANGING THE FACE OF HOME LOANS

**OUR INFO**
**ONLINE**
www.mrcooper.com



Isidro Suarez
Matha Moro
C/o H.O.U.S.E Help, Inc.
P.O. Box 5741
Fort Lauderdale, FL 33310

October 31, 2022

**ACCOUNT INFO**
**LOAN NUMBER:** 0599913746
**CASE NUMBER:** 0005618808
**PROPERTY ADDRESS:**
4470 Sw 1st St
Miami, FL 33134
**MORTGAGORS:**
Isidro Suarez
Martha Moro

Dear Isidro Suarez:

Thank you for reaching out to us.

We received your letter on October 27, 2022, and have put together this reply with information that we hope will alleviate your concerns. After an investigation, we are sharing with you what we found.

According to your inquiry, you are seeking documents associated with the servicing of the account and we have provided those documents with this response. In addition, please be advised that the account went to foreclosure sale on July 18, 2022, and is currently in Real Estate Owned (REO) status. Please be advised that a payoff is no longer available to be generated for this account due to its status. Also note that credit reports are not used to determine eligibility for loss mitigation assistance.

- Note and Security Instrument

Mr. Cooper is a brand name for Nationstar Mortgage LLC. Nationstar Mortgage LLC is doing business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper is a registered service mark of Nationstar Mortgage LLC. All rights reserved.

**Please be advised this communication is sent for informational purposes only and is not intended as an attempt to collect, assess, or recover a claim against, or demand payment from, any individual protected by the U.S. Bankruptcy Code. If this account has been discharged in a bankruptcy proceeding, be advised this communication is for informational purposes only and not an attempt to collect a debt against you; however, the servicer/lender reserves the right to exercise the legal rights only against the property securing the loan obligation, including the right to foreclose its lien under appropriate circumstances. Nothing in this communication shall be construed as an attempt to collect against the borrower personally or an attempt to revive personal liability.**

If you are a successor in interest (received the property from a relative through death, devise, or divorce, and you are not a borrower on the loan) that has not assumed, or otherwise become obligated on the debt, this communication is for informational purposes only and is not an attempt to collect a debt from you personally.


EQUAL HOUSING
OPPORTUNITY

596126.1-1.2

 

- The Note and Security Instrument will validate the above-mentioned loan. These documents will explain our rights to:

  - Collect any remaining debt owed under the Note and Security Instrument

  - Assess fees and costs to the loan as necessary

  - Inspect the property and charge applicable fees

  - Purchase lender placed insurance

  - Pay taxes on the mortgagor's behalf

- Assignment of Mortgage

- Appraisal

- Loss Mitigation Evaluation Notices (4)

- Transaction History

  - The transaction history reflects a complete history for the period Mr. Cooper has serviced the loan. Late fees are assessed any time the contractual payment is received after the grace period, as indicated in the Note. However, during active bankruptcy, late fees are waived. Please note, late fees are not considered interest and are not reported to the IRS on IRS form 1098. If a payment was applied to the suspense account, it will be indicated in the code description column. Payments can be applied to the suspense account if the funds received do not represent the full monthly mortgage payment due or if Mr. Cooper is not informed of where the payment is to be applied. Furthermore, this payment history reflects:

    - When payments were received

    - How the payments were applied to the loan

    - Any disbursements made from the loan, including, but not limited to, disbursements for taxes, insurance, property inspections, brokers price opinions (BPOs), and legal fees

    - A description for each transaction, with running balances of the unpaid principal and escrow accounts

    - The date fees and charges were assessed, if any

    - Any amounts paid towards fees

    - Any waivers/reversals of fees

- Most Recent Billing Statement (6)





- The billing statement will reflect the current amount due on the loan and will also provide a breakdown of any fees assessed, including any lender paid expenses or corporate advance fees.

- Notice of Servicing Transfer, also known as Welcome Letter

  - The Servicing Transfer Notice will detail the date and terms of the service transfer from the prior servicer to Mr. Cooper. This document evidences Mr. Cooper's right to service the loan.

- Requests for All Recorded Calls

  - Included in your correspondence was a request for copies of all recorded calls or written transcripts of calls on the account. Please be advised that we are unable to provide copies of all recorded calls or call transcripts as Mr. Cooper does not create transcripts of calls in its ordinary course of business. Moreover, due to the volume of this request providing copies of all calls would be unduly burdensome and is not reasonably likely to assist you in confirming any asserted errors. With that being said, if you provide us with a specific date a conversation related to a specific error was had, we can investigate and research the call and provide information regarding that call. Please refer to 12 CFR §1024.36(f)(1)(iv).

| RESPA RESPONSE TO NOTICE OF ERROR |
|---|
| Under applicable federal law, we are required to inform you that after completing a reasonable investigation into the issues described above, it has been determined that no error occurred. You have the right to access the documents we used in this investigation and we have enclosed them. Those documents are:<br><br>• Note<br>• Mortgage<br>• Appraisal<br>• Goodbye Letter<br>• Welcome Letter<br>• Payment History<br>• Mortgage Loan Statement (6)<br>• Loss Mitigation Evaluation Notice (4) |

Furthermore, our records indicate U.S. Bank N.A., as Trustee, successor to Wilmington Trust Company, as Trustee, successor to Bank of America N.A., as Trustee, successor by merger to LaSalle Bank N.A., as Trustee for LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-3, is the current owner of the Note. As requested, we have provided the address below:

U.S. Bank (BOA-LaSalle National Bank)
190 S. LASALLE STREET 7TH FLOOR
Chicago, IL 60603



CHANGING THE FACE OF HOME LOANS



Please note that Mr. Cooper is the servicer of the loan and will be responsible for responding to any concerns regarding the servicing of the loan. Servicing matters include but are not limited to the following:

- Payment assistance and modifications
- Payment posting
- Validation of the debt
- Foreclosure proceedings
- Payment adjustments

Please direct any communication related to these matters to Mr. Cooper using the contact information below. Please note U.S. Bank N.A., as Trustee, successor to Wilmington Trust Company, as Trustee, successor to Bank of America N.A., as Trustee, successor by merger to LaSalle Bank N.A., as Trustee for LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-3 will not be able to assist with any of these matters.

If you have any questions, your Dedicated Loan Specialist is Katya Johnson and can be reached at 1.469.470.5941 or via mail at the address listed above.Our hours of operation are Monday through Thursday from 7 a.m. to 8 p.m. (CT), Friday from 7 a.m. to 7 p.m. (CT) and Saturday from 8 a.m. to 12 p.m. Visit us on the web at www.mrcooper.com for more information.

I hope this information is helpful and addresses your concerns. If you have any specific questions about the information I have provided, please contact me directly, using the information below.

Sincerely,

*Gary Johnson*

Gary Johnson
Mr. Cooper
Customer Relations Specialist
PO Box 619098
Dallas, TX 75261-9741
Phone Number: 469.851.4441
E-mail: Gary.Johnson1@mrcooper.com

Enclosures 16
By U.S. Standard Mail

---

Are you experiencing a financial hardship? Our local non-profit partners can help with financial counseling and other services. Please visit these websites for assistance:

- Hud.gov
- Neighborworks.org

596126.1-1.5

# EXHIBIT 'D'

**Isidro Suarez &**
**Martha Moro**
c/o
**H.O.U.S.E. Help, Inc.**
*(A Florida Non-profit Organization)*
P.O. Box 5741
Fort Lauderdale, Florida 33310

November  23 , 2022

**Mr. Cooper**
Attn: Customer Relations
PO Box 619098
Dallas, TX 75261-9741
ATTN: Notice of Error/RFI          Certified Mail # 7022 0410 0003 4836 9610

### 1ST NOTICE OF ERROR &
### 2ND REQUEST FOR ACCURATE INFORMATION
### TO PAY OFF THE LOAN

|  |  |
|---|---|
| **Property Owner:** | **Isidro Suarez &** |
|  | **Martha Moro** |
| **Property Address:** | 4470 SW 1st Street |
|  | Coral Gables, Florida 33134 |
| **Loan Number:** | **059 991 3746** |

To Whom It May Concern:

1. As Servicer of the above referenced Mortgage Loan, please treat this as our first "notice of error" (1st NOE), and our second request for an accurate payoff statement (2nd payoff request), subject to the response time set out in 12 U.S.C. § 2605(e) and § 2605(k); and Regulation X, 12 C.F.R. § 1024.35(e)(3)(i)(A) and (B).

2. On or before October 27, 2022, Mr. Cooper ("MR. COOPER"), received our[1] October 19, 2022 Request for Information ("RFI") pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. 2605 and/or its implementing Regulations, Regulation X, 12 C.F.R. 1024.36. In our October 19, 2022 RFI, we also requested that MR. COOPER to provide us with an accurate payoff balance/statement.

3. In our October 19, 2022 RFI, we specifically requested that MR. COOPER send all correspondence to our third-party representative, HOUSE Help, Inc. ("HOUSE Help") at P.O. Box 5741, Fort Lauderdale, Florida, 33310. However, as of today's date, MR.

---

[1] "Me", "My", "Us", "Our", "We", and or "I" means the homeowners Mr. Isidro Suarez, Martha Moro and/or their authorized representative, HOUSE Help, Inc.

COOPER has failed to timely provide us, through our third party representative, HOUSE Help, with the requested payoff statement as listed, and detailed below:

   *a.*   Accurate Pay-off Balance – **NONE Provided** in violation of 12 C.F.R. 1024.35(b)(6) and 12 CFR § 1026.36(c)(3). **(See RFI # 13)**. *****
        ***Please note under 12 C.F.R.§ 1024.35(e)(3)(i)(A), MR. COOPER must respond to this NOE "not later than seven days (excluding legal public holidays, Saturdays, and Sundays) after it receives this notice of error – which is an error asserted under paragraph (b)(6) of 12 C.F.R.§ 1024.35.*** *****

4.   Here, MR. COOPER has erred by not providing an accurate payoff statement to us in a timely and/or sufficient manner.  By copy of this notice of error, we are hereby making a 2<u>nd request for an *accurate* payoff statement or balance for the purposes of paying off the subject loan</u>. Once again, we are hereby requesting that MR. COOPER immediately provide the above requested payoff statement to our authorized representative at the address listed below.

5.   The above errors are preventing, hindering, and/or delaying us, or someone on our behalf, from confidently making a final payment that would pay off the *correct* balance of the subject mortgage loan.

**6.   Pursuant to paragraphs 15 and 20 of the subject mortgage referenced above, this is to notify MR. COOPER that if it fails to timely correct and/or cure the above errors/grievances, we may thereafter file suit in federal or state court as a result thereof.**

7.   Thank you for taking the time to respond to this 1st notice of error and 2nd request of an accurate payoff statement/balance.

##### ***** Please send all correspondence to: *****

## c/o H.O.U.S.E. Help, Inc.

P.O. Box 5741
Fort Lauderdale, Florida 33310

Very truly yours,

___/s/_____, November __23__, 2022
Borrower/Borrower's Representative

# EXHIBIT 'E'

# USPS Tracking®

FAQs ›

**Tracking Number:**

Remove ✕

## 70220410000348369610

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item has been delivered and is available at a PO Box at 5:41 pm on November 28, 2022 in DALLAS, TX 75261.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

### Delivered
**Delivered, PO Box**

DALLAS, TX 75261
November 28, 2022, 5:41 pm

**See All Tracking History**

Feedback

| Text & Email Updates | ⌄ |
|---|---|

| USPS Tracking Plus® | ⌄ |
|---|---|

| Product Information | ⌄ |
|---|---|

**See Less** ⌃

Track Another Package

Enter tracking or barcode numbers

# EXHIBIT 'F'

Isidro Suarez &
**Martha Moro**
c/o
**H.O.U.S.E. Help, Inc.**
*(A Florida Non-profit Organization)*
P.O. Box 5741
Fort Lauderdale, Florida 33310

November __23__, 2022

**Mr. Cooper**
Attn: Customer Relations
PO Box 619098
Dallas, TX 75261-9741
<u>ATTN: Notice of Error/RFI</u>          Certified Mail # 7022 0410 0003 4836 9627

**1ST NOTICE OF ERROR &**
**2ND REQUEST FOR INFORMATION**

| | |
|---|---|
| **Property Owner:** | **Isidro Suarez &** |
| | **Martha Moro** |
| **Property Address:** | 4470 SW 1st Street |
| | Coral Gables, Florida 33134 |
| **Loan Number:** | **059 991 3746** |

To Whom It May Concern:

　　1.　As Servicer of the above referenced Mortgage Loan, please treat this as our first "notice of error" (NOE) and our 2nd "request for information" (RFI) pursuant to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. 2605(e) and Regulation X, 12 C.F.R. § 1024.36(c) and/or (d), respectively.

　　2.　On or before October 27, 2022, Mr. Cooper (hereinafter, "MR. COOPER"), received our[1] first "RFI" ("1st RFI"). In our 1st RFI we requested, among other items, call notes, loss mitigation documents and information, an accurate pay off balance, the mortgage loan owner/assignee's contact information, and other information.

　　3.　We also requested that MR. COOPER send all correspondence to our authorized third-party representative, HOUSE Help, Inc. at P.O. Box 5741, Fort Lauderdale, Florida, 33310.

　　4.　On October 31, 2022, MR. COOPER provided an insufficient response to our 1st RFI. Clearly, MR. COOPER's October 31, 2022 response is insufficient, as it has failed

---

[1] "Me", "My", "Us", "Our", "We", and or "I" means the homeowners Mr. Isidro Suarez, Martha Moro and/or their authorized representative, HOUSE Help, Inc.

to provide some or all of the information that we requested in our October 19, 2022 RFI. As such, this is our second request ("2nd RFI") for MR. COOPER to send the following items to our representative, HOUSE Help, Inc.'s address listed below:

a.  A copy of all **Call Notes or Conversation Logs** created by MR. COOPER and/or its predecessor's personnel reflecting all verbal communications with me and/or my representative (during the applicable time period) regarding the above mortgage loan account (emphasis added) - **NONE Provided** in violation of 12 CFR § 1024.35(b)(7) & (11); and 12 CFR § 1024.36(d)(2)(i); (Also see 12 CFR § 1024.38(c)(2)(iii). **(See 1st RFI # 2)**.

   • Certainly, MR. COOPER maintains a "servicing file" which includes data on my mortgage loan account serviced by MR. COOPER. Such data *must* include, but is not limited to, "any notes created by the servicer personnel reflecting communications with the borrower about the mortgage loan account". (see 12 CFR § 1024.38(c)(2)(iii)).

b.  Copies of all **Loss Mitigation Correspondence** provided by MR. COOPER (or its predecessors) to me or to my representative (during the applicable time period), including all loss mitigation solicitation letters, *loss mitigation applications, acknowledgements, notices, letters, responses regarding your loss mitigation efforts with me.* – **INSUFFICIENTLY Provided** in violation of 12 CFR § 1024.35(b)(7) & (11); and 12 CFR § 1024.36(d)(2)(B); (Also see 12 CFR § 1024.38(c)(2)(v). **(See 1st RFI # 3)**.

   • MR. COOPER's October 31, 2022 response DOES NOT includes any incomplete application notices as contemplated by 12 CFR § 1024.41(b)(2)(i)(B). Moreover, MR. COOPER's October 31, 2022 response DOES NOT include any notices as contemplated by 12 CFR § 1024.41(c)(3)(i) and/or 12 C.F.R. § 1024.41(d).

c.  Copies of all **Loss Mitigation Correspondence** submitted by me or my representative to MR. COOPER or its predecessors (during the applicable time period), including but not limited to any and all loss mitigation application(s). – **NONE Provided** (See 1st RFI # 4).

   • MR. COOPER's October 31, 2022 response does not include any loss mitigation applications whatsoever.

d.  Copies of any **Information or Documents** exchanged between me or my representative(s), and MR. COOPER or its predecessors in accordance with the procedures set forth in 12 C.F.R. § 1024.35 and 12

C.F.R. § 1024.36. This request includes, but is not limited to all "Request of Information" and "Notices of Error" submitted by me and MR. COOPER's notices and responses as required by 12 C.F.R. § 1024.35 and 12 C.F.R. § 1024.36. – **NO RESPONSE - NONE Provided** (See RFI # 5).

e.  Copies of any **Credit Reports** used to evaluate me for any loss mitigation options during the relevant time period – **NONE Provided (See RFI # 6).**

f.   Copies of the most **Recent three (3) Mortgage Statements** regarding the above referred loan that were issued by MR. COOPER prior to its receipt of this request for information - **INSUFFICIENTLY Provided (See RFI # 8).**

  • MR. COOPER's October 31, 2022 response only included the January 1, 2020; February 1, 2020; and the March 1, 2020 outdated mortgage statements. MR. COOPER's October 31, 2022 response DOES NOT include the most "recent" mortgage statements, as I clearly requested in my October 19, 2022 written request. Clearly, the three (3) most recent mortgage statements as of October 27, 2022, would be the October 1, 2022; September 1, 2022, and the August 1, 2022 mortgage statements – none of which was provided in MR. COOPER's October 31, 2022 response.

g.  A copy of the **New Creditor Notice** required by 15 U.S.C. 1641(g)(1), (also see 12 C.F.R. 1024.36(d)(1)) - **NONE Provided (See RFI # 12).**

h.  A copy of the "**Early Intervention**" written notice as required by 12 C.F.R. § 1024.39(b)(1) and 12 C.F.R. § 1024.35(b)(7) of Regulation X. **NONE Provided (See 1st RFI # 14).**

4. Here, MR. COOPER has violated 12 U.S.C. 2605(e) and Regulation X, 12 C.F.R. § 1024.35(e)(3)(i)(C) by not providing the above items to me in a timely and/or sufficient manner. By copy of this notice of error, I am once again requesting that MR. COOPER immediately provide the above listed documents and/or information to my authorized third-party at the address listed below.

5. Thank you for taking the time to respond to this first Notice of Error and second Request for Information.

**\*\*\*\*\* Please send all correspondence to: \*\*\*\*\***

# c/o H.O.U.S.E. Help, Inc.

P.O. Box 5741

Fort Lauderdale, Florida 33310

Very truly yours,

_____ , November  23 , 2022

Borrower Borrower Representative

# EXHIBIT 'G'

# USPS Tracking®

FAQs ›

**Tracking Number:**                                          Remove ✕

## 70220410000348369627

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item has been delivered and is available at a PO Box at 5:41 pm on November 28, 2022 in DALLAS, TX 75261.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

### Delivered
**Delivered, PO Box**

DALLAS, TX 75261
November 28, 2022, 5:41 pm

**See All Tracking History**

Feedback

Text & Email Updates                                    ⌄

USPS Tracking Plus®                                     ⌄

Product Information                                      ⌄

See Less ⌃

Track Another Package

Enter tracking or barcode numbers

# EXHIBIT 'H'

**Isidro Suarez &**
**Martha Moro**
c/o
**H.O.U.S.E. Help, Inc.**
P.O. Box 5741
Fort Lauderdale, Florida 33310

November _23_, 2022

**Mr. Cooper**
Attn: Customer Relations
PO Box 619098
Dallas, TX 75261-9741
<u>ATTN: Notice of Error/RFI</u>

Certified Mail # _7022 0410 0003 4836 9634_

<u>**NOTICE OF ERROR**</u>
**VIOLATION OF 12 C.F.R. § 1024.39**
*("Early Intervention Notice")*

| | |
|---|---|
| **Property Owner:** | **Isidro Suarez &** |
| | **Martha Moro** |
| **Property Address:** | 4470 SW 1st Street |
| | Coral Gables, Florida 33134 |
| **Loan Number:** | **059 991 3746** |

To Whom It May Concern:

        As servicer of the above referenced Mortgage Loan, please treat this as a "notice of error" pursuant to the Real Estate Settlement Procedures Act, subject to the response time set out in Regulation X, 12 C.F.R.§ 1024.35(e).

        On or about September 7, 2017, Mr. Cooper ("MR. COOPER"), through its principle, and by and through their attorney, filed a foreclosure action against us[1], Isidro Suarez and Martha Moro, alleging, among other claims, that we "have defaulted under the Note and Mortgage by failing pay the March 1, 2017 payment, etc."

        On October 31, 2022, MR. COOPER responded to our October 19, 2022 request for, among other items, a copy of the "early intervention" written notice required by 12 C.F.R. 1024.39(b)(1).   Unfortunately, however MR. COOPER's October 31, 2022 response to our written request does not include a copy of the written early intervention notice that was, or should have been, issued by MR. COOPER *within forty-five (45) days after* March 1, 2017.

---

[1]  For purposes of this notice of error, "Me", "My", "Us", 'We", "Our" and/or "I" means the homeowners Isidro Suarez and Martha Moro and/or their authorized representative, HOUSE Help, Inc.

1

Section 1024.39(b) mandates that servicers such as MR. COOPER must give borrowers who are allegedly in default a specific form of notice informing the borrower how to contact the servicer's staff for loss mitigation reviews. Reg. X § 1024.39(b). This is sometimes referred to as an "early intervention" notice. The purpose of the early intervention notice is to encourage communication between the borrower and the servicer as soon as possible after a default has occurred.

Among other deadlines, Reg. X § 1024.39(b) provides that the servicer must give this written notice no later than the forty-fifth day of the borrower's delinquency. Additionally, the notice must include the following information:

- A statement encouraging the borrower to contact the servicer;
- The telephone number to access the servicer's loss mitigation personnel assigned to the borrower under the continuity of contact rule (section 1024.40(a)) and the servicer's mailing address;
- If applicable, a statement providing a brief description of examples of loss mitigation options that may be available from the servicer;
- Either application instructions or information on how the borrower may obtain more information about the application process; and
- The website address the borrower may use to access either the CFPB's list or HUD's list of homeownership counselors or organizations, and the HUD toll-free phone number.803.

### Conclusion

To correct the above error(s), we are once again requesting that MR. COOPER immediately provide us with the very *first* written early intervention that MR. COOPER was required to provide no later than 45 days after March 1, 2017.

**Pursuant to paragraphs 15 and 20 of the subject mortgage referenced above, this is to notify MR. COOPER that if it fails to timely correct and/or cure the above errors/grievances, we may thereafter file suit in federal or state court as a result thereof.**

**\*\*\*\*\* Please send all correspondence to: \*\*\*\*\***

## c/o H.O.U.S.E. Help, Inc.

P.O. Box 5741
Fort Lauderdale, Florida 33310
Phone: (888) 522-3541

Very truly yours,

_____/s/_____, November __23__, 2022
Borrower or
Borrower's Representative

2

# EXHIBIT 'I'

# USPS Tracking®

FAQs >

**Tracking Number:**

Remove ✕

## 70220410000348369634

Copy          Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item has been delivered and is available at a PO Box at 5:41 pm on November 28, 2022 in DALLAS, TX 75261.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

### Delivered
**Delivered, PO Box**

DALLAS, TX 75261
November 28, 2022, 5:41 pm

**See All Tracking History**

Feedback

| | |
|---|---|
| **Text & Email Updates** | ⌄ |
| **USPS Tracking Plus®** | ⌄ |
| **Product Information** | ⌄ |

See Less ⌃

Track Another Package

Enter tracking or barcode numbers