**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Division at Miami
Case No.: **23-cv-20114-JAL**

| | |
|---|---|
| ISIDRO SUAREZ, MARIBEL ALMAGUER, MARTHA MORO and MARIA L. ALMAGUER<br>    Plaintiffs,<br><br>V.<br><br>NATIONSTAR MORTGAGE LLC LLC d/b/a Mr. Cooper<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT NATIONSTAR MORTGAGE LLC d/b/a/ MR. COOPER'S MOTION TO DISMISS AMENDED COMPLAINT and MEMORANDUM OF SUPPORT**

Plaintiffs, Isidro Suarez, Maribel, Almaguer, Martha Moro, and Maria L. Almaguer (collectively, "Plaintiffs") by and through their undersigned counsel, hereby submits this, their Response in Opposition to Defendant Nationstar Mortgage LLC d/b/a/ Mr. Cooper's (hereinafter, "Nationstar" or "Defendant") Motion to Dismiss Amended Complaint and Memorandum of Support ("Motion") and in support hereof, states:

**I.     Introduction**

1.     A loan servicer must respond to a borrower's request for information about the borrower's loan, ***even if the requested information does not relate specifically to servicing***." *See* the amicus brief[1] filed by the Consumer Financial Protection Bureau (hereinafter, the "Bureau") wherein the Bureau argues that, "Regulation X requires a servicer to investigate and respond when a borrower complains that the servicer ***failed to provide any payoff balance*** at all in response to the borrower's request, not *just* when the borrower complains that the servicer provided a payoff balance that was inaccurate. (Emphasis supplied).

---

[1] See Amicus Brief filed on April 4, 2022 in the United States Court of Appeals for the Ninth Circuit, in case number 21-35892, entitled "*Donald McCoy, III, et al v. Wells Fargo Bank, N.A*" (https://www.consumerfinance.gov/compliance/amicus/briefs/mccoy-v-wells-fargo-bank-na/).

1

2. Additionally, "section 1024.35 of Regulation X requires a servicer to respond to a borrower's notice of error that asserts the servicer did not provide any payoff balance in response to a borrower's request under Regulation Z. *Id.*

3. The Bureau recognized that, in enacting and amending RESPA, Congress aimed "to establish servicers' duties" to "respond to borrower requests and complaints in a timely manner" and to "maintain and provide accurate information." 78 Fed. Reg. at 10709.[2]

4. As in *McCoy*, 12 C.F.R. § 1024.36(a) requires Nationstar to respond to a Plaintiffs' letter requesting information about the borrower's mortgage loan, including request that do not relate specifically to the servicing of that loan; and Nationstar was also required to respond to Plaintiffs' written notice of error that alleged Nationstar "[f]ailed to provide an accurate payoff balance amount upon a borrower's request in violation of [Regulation X]." 12 C.F.R. § 1024.35(b)(6).

5. Finally, even if the Court is somehow persuaded by Nationstar's "related to servicing of the loan" arguments, ultimately the Court should still find that a determination of the reasonableness of Nationstar's response to Plaintiffs' November 19, 2022 RFI and their November 23, 2022 NOEs cannot be made on a Rule 12(b)(6) motion. See *Poulton v, Specialized Loan Servicing, LLC*, No. 5:22-cv-251, (N.D. Ohio, February 27, 2023); *Hackett v. Wells Fargo Bank, N.A.*, No. 2:17-CV-07354-CAS-ASx, 2019 U.S. Dist. LEXIS 193296, at *28 (C.D. Cal. Nov. 4, 2019); also see *Becker v. PennyMac Loan Servs., LLC*, 583 F. Supp. 3d 1090, 1100 (S.D. Ohio 2022). Therefore, at this early stage in the proceedings, coupled with the arguments below, Nationstar's Motion should be denied. Alternatively, Plaintiffs should be permitted to amend their complaint.

**II.     Factual Background**

6. On October 19, 2022, Plaintiffs, through their Representative, HOUSE Help, Inc., sent a letter to Defendant Nationstar requesting information ("RFI") about the subject mortgage loan, including but not limited to: a complete account history; call notes; loss mitigation correspondence ("Misc. Request #1"). Plaintiffs October 19, 2022 also requested an "accurate payoff/balance" ("Payoff Request #1") and a copy of the "early intervention" notice pursuant to 12 C.F.R. 1024.39 ("E.I. Request #1"). Nationstar received Plaintiffs RFI on October 27, 2022. [ECF No. 22, Ex "B"].

---

[2] In 2013, the Bureau implemented the Dodd-Frank Act's new provisions on mortgage servicing by amending Regulation X. 78 Fed. Reg. 10696 (Feb. 14, 2013) ("2013 Rule") (eff. Jan. 10, 2014) (https://www.govinfo.gov/content/pkg/FR-2013-02-14/pdf/2013-01248.pdf).

2

7. On October 31, 2022, Nationstar sent a letter to Plaintiffs, purportedly in response to their October 19, 2022 RFI. [ECF No. 22, Ex. "C"].

8. Because Nationstar failed to properly respond to Plaintiffs' October 19, 2022 Payoff Request #1, Misc. Request #1, or their E. I. Request #1, Plaintiffs, on November 23, 2022, sent Nationstar three distinctive letters. One letter was entitled "1st Notice of Error & 2nd Request for Information" ("NOE/RFI Request #2") [ECF No. 22, Ex. "F"]. The second letter was labeled as "Notice of error – Violation of 12 C.F.R. § 1024.39 ("Early Intervention Notice") ("NOE/E.I. Request #2") [ECF No. 22, Ex. "H"]. The third letter Plaintiffs sent to Nationstar on November 23, 2022, was entitled "1st Notice of Error & 2nd Request for Accurate Information to Pay off the Loan" ("NOE/Payoff Request #2"). [ECF No. 22 Ex "D"]. In each letter, the Plaintiffs complained that Nationstar failed to provide, and/or adequately provide the requested information, and thus, re-requested the information.

9. On February 20, 2023, Plaintiffs filed an amended complaint. The amended complaint asserts claims for violations of RESPA and Regulation X based on Nationstar's failure to respond, or adequately respond to the Plaintiffs' various Requests and subsequent complaints. [ECF No. 22].

10. On March 6, 2023, Defendant Nationstar filed its Motion claiming [Nationstar] believes that Plaintiffs' RFI and NOEs "do not meet RESPA or Regulation X's requirements that triggers a servicer's response.", and that the "Suarezes sill cannot state a cause of action…." [ECF No. 32].

11. Nationstar claims that servicers need only respond to notices that assert "errors pertaining to loan servicing," and "cannot be used simply to assert the failure to respond to an RFI." Nationstar asks this Court to find that none of Plaintiffs' November 23, 2022 inquiries pertained to a covered error or otherwise related to servicing; however, whether or not an RFI pertains to servicing and/or whether or not the error alleged is actionable, is a question of fact for the fact finder.

12. Nationstar attaches a letter allegedly dated November 30, 2022 [ECF No. 32, Ex 5], in which Nationstar claims it "responded to the Suarezes' November 23 letter" with. However, neither Plaintiffs (the "Suarezes"), nor their Representative ever received a copy of Nationstar's purported November 30, 2022 letter. Nationstar failed to authenticate the November 30, 2022 letter and also failed to provide any proof that it actually mailed the November 30, 2022 letter to Plaintiffs and/or their Representative.

13. Nevertheless, the November 30, 2022 letter is purportedly an effort to respond to Plaintiff's November 23, 2022 various NOEs. Through its November 30, 2022 letter, Nationstar is once again

refusing to provide Plaintiffs with the payoff statements they requested on October 19, 2022, and again on November 23, 2022 - because, according to Nationstar, "the account went to foreclosure sale on July 18, 2022, and is currently in Real Estate Owned (REO) status".

## ARGUMENT

### A. *Nationstar's Arguments Are Improper for a Motion to Dismiss*

14. A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading. *Davis H. Elliot Co., Inc. v. Caribbean Util. Co., Ltd.*, 513 F.2d 1176, 1182 (6th Cir. 1975). All allegations of fact by the non-moving party are accepted as true and construed in the light most favorable to that party. *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) (citing *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990)). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999) (*citing Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). The sufficiency of the pleading is tested against the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief [.]" Although this standard is liberal, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (*citing Twombly*, 550 U.S. at 556).

15. To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies this standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Courts must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). The Complaint meets and exceeds these standards.

### B. *The Bureau Refuted Nationstar's "Relation to the Servicing of the Loan" Arguments*

16. In its March 6, 2023 Motion, Nationstar claims that Plaintiffs "cannot plead a violation with Respect to...", because (according to Nationstar) Plaintiffs' October 19, 2022 RFI was somehow

"expansive" and that it does not "identify potential payment errors" [and] "do not relate to servicing". [ECF No. 32, pg. 12].

17. Nationstar claims that it is not obligated to respond to Plaintiffs' October 19, 2022 requests, because those requests contain broad, all-encompassing loan record requests and did not recite any concerns about potential account servicing errors. Nationstar erroneously argues that: "no individual document or information request in the letter relates to receiving or applying the Suarezes' loan payments."

18. In sum, Defendant is essentially arguing that Plaintiffs' October 19, 2022 RFI is "expansive" and "does not identify payment errors, nor does it (according to Nationstar) "relate to *servicing*." [of the loan] (Emphasis added). In support of this erroneous conclusion, Defendant cites to, among other cases, *Hudgins v. Seterus, Inc.*, 192 F.Supp.3d 1343, 1349 (S.D. Fla. 2016) (citing cases); and *Wesner v. Ocwen Loan Servicing, LLC*, No. 16-81476-CIV-MARRA, 2016 WL 9649873, at *3 (S.D. Fla. Nov. 14, 2016). in support of its argument.

19. Here, Plaintiffs' amended complaint raises eight (8) separate causes of action under the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, et seq. ("RESPA"), and its implementing regulation, Regulation X, 12 C.F.R. § 1024. Although Nationstar's entire Motion is premised on its now refuted "relate to the servicing of the loan" argument, that argument has no relevance to any of the counts alleged in Plaintiffs' amended complaint. Clearly, not one of the eight counts alleged in the amended complaint, asserts that Nationstar directly violated 12 C.F.R. 1024.36(d) by failing to provide the documents requested on October 19, 2022. Nevertheless, section 1024.36 of Regulation X requires servicers to respond to a borrower's request for information "with respect to" the borrower's mortgage loan *even if the request does not relate specifically to servicing.*

20. As the Bureau clarified in its April 4, 2022 Amicus Brief (see "Introduction" above), section 1024.36 of Regulation X requires a servicer such as Nationstar to respond to requests for information about a borrower's mortgage loan, regardless of whether that information relates specifically to servicing. The text of the provision makes that clear:

- A servicer shall comply with the requirements of this section for any written request for information from a borrower that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and states the information the borrower is requesting with respect to the borrower's mortgage loan. 12 C.F.R. § 1024.36(a) (emphasis added).

21. Section 1024.36 thus broadly requires servicers to respond to requests that seek information "with respect to" a borrower's mortgage loan. 12 C.F.R. § 1024.36(a). "With Respect to" means "a

5

relation to or concern with something." Webster's Third New International Dictionary 1934 (2002); see also *Dan's City Used Cars, Inc. v. Pelkey*, 569 U.S. 251, 261 (2013) (construing "with respect to" to mean, "concern[ing]"). Accordingly, as the Bureau explained when it issued the 2013 Rule, § 1024.36 "does not limit information requests to those related to servicing," 78 Fed. Reg. at 10761, but instead generally applies to borrowers' requests for information concerning their mortgage loans.

22.     In Regulation X, the Bureau carves out two specific exceptions from the general obligation to respond to "request[s] for information," 12 C.F.R. § 1024.36(a), *but neither exception is based on whether a request relates to servicing*. If a request is "on a payment coupon or other payment form supplied by the servicer" or "for a payoff balance," then it "need not be treated by the servicer as a request for information" under § 1024.36. However, if a borrower sends "any" other type of request for information "with respect to" the borrower's mortgage loan, the servicer must "comply with the requirements of" § 1024.36. Id. (emphasis added); see also *Ali v. Fed. Bureau of Prisons*, 552 U.S 214, 218–19 (2008) ("[T]he word 'any' has an expansive meaning, that is, 'one or some indiscriminately of whatever kind.'").[3]

23.     The Bureau included explicit language to that effect in the 2013 Rule to make clear that the rule created a unified set of requirements such that servicers' obligations to respond were the same for a qualified written request as for any other information request. See 78 Fed. Reg. at 10753.[4]

24.     Nationstar's un-dying assertions that Plaintiff's October 19, 2022 RFI is somehow "expansive" is only a red herring as the majority (if not all) of Plaintiff's October 19, 2022 RFI were requesting items that Servicers such as Nationstar is required to maintain as part of Plaintiffs' "servicing file" under 12 C.F.R. § 1024.38(c)(2). As such, those items requested from Plaintiffs servicing file, cannot be truthfully considered as "expansive", "duplicative", confidential, proprietary, privileged, irrelevant, overbroad, or unduly burdensome. Notably, none of Defendant's responses to Plaintiffs' RFIs and/or NOEs, ever raised the issue of "expansiveness", or any other exemptions under 12 C.F.R. § 1024.36(f)(1).

---

[3] However, whether section 6(e) of RESPA (which predates the Bureau's 2013 Rule), only requires servicers to respond to qualified written requests for information relating to the servicing of a loan is beside the point here in this case. That's because the issue in this case is what obligations a servicer has under Regulation X's provision governing requests for information, 12 C.F.R. § 1024.36. Section 1024.36 rules for responding to borrowers' information requests were adopted not only under section 6(e) of RESPA, but also sections 6(k)(1)(B), (D), and (E). 78 Fed. Reg. at 10753; see also 12 U.S.C. § 2605(e), (k)(1)(B), (D), (E).

[4] To be sure, under that regulation, "a qualified written request that requests information relating to the servicing of the mortgage loan is a request for information" governed by § 1024.36. (See 12 C.F.R. § 1024.36(a)).

25.     As clarified in its amicus brief, the Bureau did not exclude information requests that do not relate to servicing from the scope of § 1024.36 as it did with payoff requests. 12 C.F.R. § 1024.36(a).[5] To the contrary, the Bureau made clear that a qualified written request seeking information related to servicing is "just one form that [an] . . . information request may take." Id. pt. 1024, Supp. I ¶ 31, Qualified Written Request at 2; see also 78 Fed. Reg. at 10753. According to the Bureau, Section 1024.36 thus requires servicers to "respond to an expanded universe of information requests, **including requests for information that do not specifically relate to 'servicing.'" 78 Fed. Reg. at 10761** (emphasis added); see also 12 C.F.R. pt. 1024, Supp. I, Qualified Written Request at 2 ("[T]he information request requirements in . . . [§ 1024.36] apply . . . irrespective of whether the servicer receives a qualified written request.").

26.     Thus, under § 1024.36 of the Bureau's Regulation X, servicers (such as Nationstar) must respond to "any written request for information from a borrower" that seeks "information . . . with respect to the borrower's mortgage loan." 12 C.F.R. § 1024.36(a). Although "a qualified written request that requests information relating to the servicing of the mortgage loan" is such a request, it is just one type of request that seeks information "with respect to" a loan and thereby triggers a servicer's obligation to respond under § 1024.36.

27.     Therefore, the Court should not hold that servicers (such as Nationstar) may simply ignore § 1024.36's requirements unless a request seeks information relating specifically to the servicing of a loan, not just information "with respect to" the loan itself.

        **C.**     ***Nationstar's Violationed 12 U.S.C. § 2605(k)(1)(E)***
            ***By Failing to Comply with its Obligations Found by***
            ***The Bureau under Regulations X and Z***

28.     Under RESPA, 12 U.S.C. § 2605(k)(1)(E), a servicer of a federally related mortgage loan must comply with any obligations found by the Bureau. These obligations certainly include, but are not limited to, complying with 12 C.F.R. § 1026.36(c)(3) under Regulation Z, and with 12 C.F.R. § 1024.36(d)(1) and 12 C.F.R. § 1024.36(d)(2)(i)(B) under Regulation X.

       ● <u>Nationstar's Obligations Under the Bureau's Regulation Z</u>

29.     Count I and II of Plaintiffs' amended complaint alleges that Nationstar "failed to comply with obligations found by the CFPB (the obligation to comply with the Bureau's Regulations Z) – in

---

[5]See Amicus Brief filed on April 4, 2022 in the United States Court of Appeals for the Ninth Circuit, in case number 21-35892, entitled "*Donald McCoy, III, et al v. Wells Fargo Bank, N.A*" (https://www.consumerfinance.gov/compliance/amicus/briefs/mccoy-v-wells-fargo-bank-na/).

7

violation of 12 U.S.C. § 2605(k)(1)(E). [ECF No. 22, pgs. 10-15]. As earlier stated, neither counts I nor II alleges that Nationstar directly violated 12 C.F.R. 1026.36(c)(3) under Regulation Z, however, that rule is referenced only to show Nationstar's underlying "non-compliance" with its obligations under the Bureau's Regulation.

30. Specifically, Nationstar violated RESPA, 12 U.S.C. § 2605(k)(1)(E), by failing to provide Plaintiff with an accurate payoff statement (no more than seven business days) after receiving Plaintiff's written request for same on October 19, 2022 (Payoff Request #1, [ECF No. 22, Ex "B"]), and again on November 23, 2022 (NOE/Payoff Request #2, [ECF No. 22, Ex "E"]). Indeed, Nationstar's obligation to provide Plaintiffs with the requested payoff statements, is an obligation found by the Bureau under its Regulation Z, 12 C.F.R. 1026.36(c)(3), and therefore, Nationstar violated 12 U.S.C. § 2605(k)(1)(E), in failing to comply with that obligation. Notably, Plaintiffs' October 19, 2022, and their November 23, 2022 payoff requests, are NOT requests under section 2605 of RESPA, therefore, whether those payoff requests are "relating to servicing of the loan", is irrelevant to counts I thru III of Plaintiffs' amended complaint. As such, the Court should enter an order denying Nationstar's Motion.

- Nationstar's Obligations Under the Bureau's Regulation X

31. Likewise, Nationstar violated RESPA, 12 U.S.C. § 2605(k)(1)(E), by failing to adequately respond to Plaintiff's October 19, 2022 request for information and documents (Misc. Request #1, [ECF No. 22, Ex "A"]) from Plaintiff's servicing file (no more than 30 business days) after receiving that written request on October 27, 2022. [ECF No. 22, Ex "B"].

32. Here, Nationstar violated RESPA, 12 U.S.C. § 2605(k)(1)(E), by failing to provide Plaintiff with miscellaneous documents and information from their "servicing file" (no more than 30 business days) after receiving Plaintiff's written request for same on October 27, 2022 (Misc. Request #1, [ECF No. 22, Ex "B"]). Indeed, Nationstar's obligation to provide Plaintiffs with the requested miscellaneous information/documents, is an obligation found by the Bureau under its Regulation X, 12 C.F.R. 1024.36(d), and therefore, Nationstar violated 12 U.S.C. § 2605(k)(1)(E), in failing to comply with that obligation. Notably, Nationstar's "relating to servicing of the loan" argument has already been addressed, and thoroughly refuted by the Bureau's Amicus Brief, its 2013 Rules, and now by the Plaintiffs.

33. Therefore, whether Plaintiffs miscellaneous request is "relating to servicing of the loan", is irrelevant to counts I through III of Plaintiffs' amended complaint. As such, the Court should enter an order denying Nationstar's Motion.

- <u>Plaintiffs' October 19, 2022 and November 23, 2022
  Request for Payoff Statements</u>

**34.** Plaintiffs October 19, 2022 Payoff Request #1 [ECF No. 22, Ex. "A"], and their November 23, 2022 NOE/Payoff Request #2 [ECF No. 22, Ex. "D"], both invoked Regulation Z as both letters requested a payoff statement for the mortgage loan subject to this action.

**35.** On October 31, 2022, Nationstar responded to Plaintiffs' Payoff Request #1 by refusing to provide Plaintiffs with the requested payoff statement - because, according to Nationstar, "the account went to foreclosure sale on July 18, 2022, and is currently in Real Estate Owned (REO) status". [ECF No. 22, Ex "C"].

36. However, it is without dispute that Plaintiffs' October 19, 2022 Payoff Request #1 [ECF No. 22, Ex "A"], and their November 23, 2022 NOE Payoff Request #2 [ECF No. 22, Ex "D"], are NOT requests under RESPA and/or Regulation X, but instead, payoff requests, are governed by the TILA and Regulation Z. Thus, Nationstar's "relating to the servicing of the loan" argument does not apply to Plaintiffs' October 19, 2022, nor their November 23, 2022 payoff requests. In fact, the Bureau's Regulation X, 12 C.F.R. 1024.36(a), specifically exempts a request of a payoff balance as an RFI, by providing that: "a request for a payoff balance need not be treated by the servicer as a request for information." As such, Nationstar's refuted "relating to the servicing of the loan" arguments", are simply inapplicable, and/or irrelevant to Nationstars failure to comply with 12 U.S.C. § 2605(k)(1)(C), as pled in Plaintiffs amended complaint.

- o <u>Nationstar's October 30, 2022 and November 30, 2022 Refusal to Provide Plaintiffs with their Repeated Payoff Requests</u>

37. In its October 31, 2022 and November 30, 2022[6] responses to Plaintiffs' October 19, 2022 Payoff Request #1 and their November 23, 2022 NOE/Payoff Request #2, respectively, Nationstar in claiming (in its Motion), that "it explained that the account went to foreclosure sale on July 18, 2022, and is currently in Real Estate Owned (REO) status". [See ECF No. 22, Ex "C" and ECF No. 32, Ex 5, respectively]. However, on the very same page [four] of its March 6, 2023 Motion, Nationstar totally contradicts that misleading statement regarding the "accounts" REO status, by confirming that it [Nationstar], on November 18, 2022, actually "vacated" that very same July 18, 2022 *incomplete* foreclosure sale. [ECF No. 32, pg. 4]. Therefore, on or before March 6, 2023, Nationstar knew (and still knows) that the July 18, 2022 foreclosure sale (and REO Status) - it

---

[6] In its November 30, 2022 inadequate response to Plaintiffs November 23, 2022 NOEs (including their October 19, 2022 and November 23, 2022 payoff request), Nationstar just simply referred Plaintiffs back to its [Nationstar] October 31, 2022 response to Plaintiffs' October 19, 2022 RFI and payoff request.

continues to use as justification for failing to provide Plaintiff with the requested payoff statement, is not factual. Moreover, Nationstar's repeated assertions that "a payoff is no longer available to be generated for this account due to its status" – meaning its alleged "REO" status, is meritless. In fact, Nationstar does not, because it cannot, point to any statute, rule, case law, or any other authority that would support such a bare statement.

38. Additionally, it appears that Nationstar is relying on *Hudgins v. Seterus, Inc.*, 192 F.Supp.3d 1343, 1349 (S.D. Fla. *Wesner v. Ocwen Loan Servicing, LLC*, No. 16-81476-CIV-MARRA, 2016 WL 9649873, at *3 (S.D. Fla. Nov. 14, 2016), in an effort to support its refusal to provide the Plaintiffs' with the October 19, 2022 and November 23, 2022 payoff statements. [ECF No. 32, pgs. 10-16].

39. In *Hudgins*, the plaintiff there requested "[a] current payoff statement." 192 F.Supp.3d at 1351. However, the defendant in that case simply argued that a request for a payoff statement is not governed by RESPA. Thus, the *Hudgins* case stand only for the irrelevant proposition that "payoff statement requests are governed by the Truth in Lending Act (TILA), Regulation Z—12 C.F.R. § 1026.36(c)(3), and not by RESPA or Regulation X. See also 15 U.S.C. § 1639(t). Clearly, neither *Hudgins* nor *Wesner* supports Nationstar's failure to provide the Plaintiffs with the payoff statement they requested on October 19, 2022, and again on November 23, 2022.

40. Moreover, the failure to timely provide a payoff statement does in fact, invoke both TILA (see 12 C.F.R. § 1026.36(c)(3); and RESPA (see 12 C.F.R. 1024.35(6)). Just because the *Hudgins* Court agreed (although irrelevant to this instant case), that a payoff statement is governed by TILA and not by RESPA, that has no bearing on whether Nationstar was required to timely and accurately provide Plaintiffs with the payoff statement they requested.

41. Likewise, nether *Hudgins* nor *Wesner* supports Nationstar's explanation that "U.S. Bank already obtained foreclosure judgment and proceeded to sale. Finally, *Wesner*, *Hudgins*, nor any other precedent supports Nationstar's assertions that it "could no longer generate a payoff statement" - because, according to Nationstar's misleading statement that "the loan account was in an REO status."

42. Additionally, Nationstar's statement in its Motion that "the business day deadline to provide a payoff statement does not apply when the servicer is unable to generate a payoff statement due to "foreclosure.", is simply untrue. In relevant part, 12 C.F.R. § 1026.36(c)(3) under TILA provides that an accurate statement of the total balance….."shall be sent within a reasonable time, *but in* **no case more than seven business** *days, after receiving a written request from the consumer or any person acting on behalf of the consumer.*

10

### D. *Nationstar Violated 12 U.S.C. § 2605(k)(1)(C) by Failing to Provide a Response to Plaintiffs; Notice of Error Relating to the Pay Off Request*

43. Count IV on the Plaintiff's amended complaint asserts that Nationstar violated 12 U.S.C. § 2605(k)(1)(C) by "failing to take timely action to respond to Plaintiff's November 23, 2022 request to correct an error relating to the final balance to pay off the subject loan. [ECF No. 22, Ex "D"]

44. As explained earlier, whether or not Plaintiffs' November 23, 2022 error correction request (NOE/Payoff Request #2), was a request for information "relating to the servicing of the loan", is not relevant to Count IV of Plaintiffs' amended complaint. In fact, the Bureau's Regulation X, 12 C.F.R. § 1024.36(a), specifically exempts a request of a payoff balance as an RFI, by providing that: "a request for a payoff balance need not be treated by the servicer as a request for information." As such, Nationstar's now refuted "relating to the servicing of the loan" arguments", are simply inapplicable, and/or irrelevant to Nationstar's failure to comply with 12 U.S.C. § 2605(k)(1)(C), as pled in Count (IV) of Plaintiffs amended complaint.

45. Count IV of Plaintiffs' amended complaint alleges that Nationstar "failed to take timely action to respond to Plaintiffs November 23, request" [to correct the "error relating to the alleged final balance…..") [ECF No. 22, pgs. 17-19].

46. Regarding Count IV of Plaintiffs amended complaint, Nationstar claims that in its November 30, 2022 insufficient response to Plaintiffs error correction request ("NOE"), "it explained that the account went to foreclosure sale on July 18, 2022, and is currently in Real Estate Owned (REO) status". However, as explained earlier, Nationstar totally contradicts its misleading statement regarding the "accounts" REO status, by confirming that it [Nationstar] later "vacated" that very same July 18, 2022 incomplete foreclosure sale.

47. Specifically, Nationstar violated RESPA, 12 U.S.C. § 2605(k)(1)(C), by failing to adequately respond to and/or correct Plaintiff's November 23, 2022 error correction/investigation request. (NOE/Payoff Request #2, [ECF No. 22, Ex "D"]). Indeed, Nationstar's obligation to take timely action to respond to Plaintiffs November 23, 2023 error correction request, is a violation of 12 U.S.C. § 2605(k)(1)(C).

48. Finally, as the Court is aware, the reasonableness and/or adequateness of a response to a notice of error is an issue of fact. See *Poulton* and *Hackett* as cited to above. Here, the parties disagree whether Nationstar's failure to take timely action to respond to Plaintiff's November 23, 2022 error correction request was in fact reasonable and/or adequate. However, this issue is not suitable for

resolution at the motion to dismiss stage. For that reason, and the reasons discussed above, Nationstar has failed to meet its burden to show that the Plaintiffs fail to state a claim in Counts IV for violation of 12 U.S.C. § 2605(k)(1)(C), and therefore the Court should enter an order denying Nationstar's Motion.

### E. *Nationstar Violated Regulation X, 12 C.F.R. 1024.35(b)(6) By Failing to Provide Plaintiffs with an Accurate Payoff Statement*

49. Count (V) alleges that Nationstar failed to provide an accurate payoff balance amount upon Plaintiffs' October 19, 2022 and their November 23, 2022 requests - in violation of 12 C.F.R. § 1024.35(b)(6). [ECF No. 22, pgs. 19-20].

50. Whether or not Plaintiffs' November 23, 2022 notice of error (NOE/Payoff Request #2), was a request for information "relating to the servicing of the loan", is not relevant to Count V of Plaintiffs' amended complaint. In fact, the Bureau's Regulation X, 12 C.F.R. 1024.36(a), specifically exempts a request of a payoff balance as an RFI, by providing that: "a request for a payoff balance need not be treated by the servicer as a request for information." As such, Nationstar's now refuted "relating to the servicing of the loan" arguments", are simply inapplicable, and/or irrelevant to Nationstar's violation of 12 C.F.R. § 1024.35(b)(6), as pleaded in Count (V) of Plaintiffs amended complaint.

51. Indeed, § 1024.35(b)(6) of Regulation X requires a servicer to respond to a borrower's written notice if it asserts a "covered error," – such as the "failure to provide an accurate payoff balance amount upon a borrower's request in violation of [Regulation Z]." Id. § 1024.35(b)(6). In its preamble to the 2013 Rule, the Bureau specifically noted there that § 1024.35(b)(6) was intended to address situations in which servicers had "failed, or refused, to provide payoff statements to certain borrowers." 78 Fed. Reg. at 10742.

52. Certainly, when servicers refuse or fail to provide an accurate payoff statement or a payoff statement at all, borrowers are left without the "accurate payoff information [necessary] to manage their mortgage loan obligations". Here, Nationstar is essentially asking this Court to rewrite § 1024.35(b)(6) so that it no longer addresses a problem the provision was specifically intended to solve – that the Court should not do.

### F. *Nationstar Violated Regulation X, 12 C.F.R. 1024.35(e)(1) By Failing to Conduct a Reasonable Investigation*

53. Counts VI, VII and VIII of Plaintiffs complaint alleges multiple violations of 12 C.F.R. § 1024.35(e)(1), in that Nationstar has failed to, among other requirements, "correct the error(s)

12

asserted in Plaintiffs' November 23, 2022 notices of errors", and to do so, in a timely manner. [ECF No. 22, pgs. 21-26].

54. Indeed, § 1024.35(e)(1) of Regulation X, allows borrowers to notify mortgage servicers of possible account errors." *Nunez v. J.P. Morgan Chase Bank, N.A.*, 648 F. App'x 905, 907 (11th Cir. 2016) (citing 12 C.F.R. § 1024.35). Once properly notified, a servicer must respond in one of two ways:

- Correct the error or errors identified by the borrower and to thereafter provide the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a telephone number, for further assistance; or
- Conduct a "reasonable" investigation and to thereafter, provide the borrower with a written notification that includes: i) a statement that the servicer has determined that no error occurred; ii) a statement of the reason or reasons for this determination; iii) a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination; iv information regarding how the borrower can request such documents; and v) contact information, including a telephone number, for further assistance. 12 C.F.R. § 1024.35(e)(1)(i).

55. Nationstar claims that "the Suarez's Cannot Plead a Violation with Respect to the November 23 Letters, because (according to Nationstar), "the November 23 letters simply regurgitate the Suarezes' prior requests and relay their complaints about Nationstar's alleged inadequate response to the October 19 letter". Nationstar further claims, "the Suarezes do not raise any new issues or request any different documents in the correspondence." [ECF No. 32, pg. 17].

56. According to Nationstar, "it had no obligation to respond to the Suarezes' [Plaintiffs] October [13] letter and provided all documents and information necessary under RESPA and Regulation X, the Suarez's claims related to the November 23 letters cannot survive. No error occurred. No error existed that required Nationstar's response". [ECF No. 32, pg. 17].

57. In regard to Plaintiffs' October 19, 2020 Payoff Request #1, Nationstar claims that "it explained that the account went to foreclosure sale on July 18, 2022, and is currently in Real Estate Owned (REO) status". As stated earlier, Nationstar contradicts that misleading REO status statement on November 18, 2022. [ECF No. 32, Ex 5].

- Nationstar's Insufficient November 30, 2022 Response/Investigation of Plaintiff's November 23, 2022 NOEs

58. Nowhere in its November 30, 2022 letter does Nationstar provide Plaintiffs with "contact information", including a telephone number, for further assistance. Moreover, Nationstar's November 30, 2022 letter <u>does not</u> provide the Plaintiffs with:

> o a statement that Nationstar has determined that no error occurred;
> o a statement of the reason or reasons for this determination;
> o a statement of the Plaintiffs' right to request documents relied upon by Nationstar in reaching its November 30, 2022 determination; and
> o information regarding how the Plaintiffs can request such documents. C.F.R. § 1024.35(e)(1)(i).

59. For those reasons alone, Nationstar's November 30, 2022 response/investigation is, on its face, grossly deficient. As such, Nationstar has failed to comply with its obligations under the Bureau's Regulation X, C.F.R. § 1024.35(e)(1).

60. Clearly, Nationstar's November 30, 2022 letter is insufficient, and therefore represents an unreasonable investigation of Plaintiff's November 23, 2022 NOEs. Importantly, Nationstar's November 30, 2022 response does not deny that any error occurred, instead, it simply states in relevant part that:

> o It [MR. COOPER] had to "put together this reply with information that it hope will alleviate our concerns"; and that MR. COOPER's November 30, 2022 alleged "investigation" concluded that it's "records reflect that it responded to our inquiry on October 31, 2022. Finally, MR. COOPER's November 30, 2022 so-called "investigation", misleadingly concluded that because "the account went to foreclosure sale on July 18, 2022, and is currently in Real Estate Owned (REO) status, a payoff is no longer available to be generated for this account due to its status".

61. Nationstar knows that its claims of "the account [going] to foreclosure sale on July 18, 2022" is misleadingly inaccurate. Even if a temporary and/or erroneous foreclosure sale did in fact occur on July 18, 2022, Nationstar knew (when it allegedly provided the November 30, 2022 response), that the July 18, 2022 foreclosure sale was later vacated on November 29, 2022 – one day before Nationstar's November 30, 2022 misleading statement to the contrary.

62. Regulation X requires mortgage servicers such as Nationstar to "reasonably investigate" notices of error - like the ones Plaintiffs sent to Nationstar on November 23, 2022. Indeed, a servicer must respond by fixing the error, crediting the borrower's account, and notifying the borrower; or by concluding that there is no error based on an investigation and then explaining that conclusion in writing to the borrower. See 12 C.F.R. § 1024.35(e)(1). Here, Nationstar did neither.

14

63.     In this particular case, it is important to note that unlike Plaintiffs' October 19, 2022 letter, their November 23, 2022 letters *not only* requested information, but also those November letters also asserted errors. Surely, the Court recognizes Nationstar's attempt to "group" each of Plaintiffs November 23, 2022 "notices of errors" [letters] under 12 C.F.R. 1024.3<u>5</u> together with Plaintiffs' October 19, 2022 "requests for information" under 12 C.F.R. 1024.3<u>6</u> – so that it [Nationstar] could maintain its earlier, and now refuted "related to servicing of the loan" argument.

64.     However, unlike the October 19, 2022 letter (which only requested information and did not assert any errors), each of Plaintiffs' November 23, 2022 letter, clearly and specifically asserted errors under 12 C.F.R. 1024.35, and only referred to those other provisions of Regulation X as the underlying cause for the asserted errors. Here, it is also important to note that the documents the Plaintiffs requested in their November 23, 2022 letters, were not "duplicates", but were "re-requested" due to Nationstar's failure to provide those documents pursuant to Plaintiffs October 19, 2022 first request.

65.     In its November 30, 2022 response, Nationstar clearly fails to offer a "written explanation" stating an <u>accurate</u> "reason or reasons for its determination," - in violation of 12 C.F.R. § 1024.35(e)(1)(i)(B). Once again, this failure indicated that Nationstar's investigation was unreasonable - in violation of 12 C.F.R. § 1024.35(e)(1)(i)(B); and that Nationstar's unreasonable investigation prevented it from discovering and appropriately correcting the account error(s) - in violation of 12 C.F.R. § 1024.35(e)(1)(i)(A). *See Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1246 (11th Cir. 2016).

- Plaintiffs November 23, 2022 NOE/Payoff Request #2

66.     A reasonable investigation into the errors asserted by NOE/Payoff Request #2 would have been to search for, find, and thereafter, provide Plaintiffs with the requested payoff statement. Instead, Nationstar choose to respond to Plaintiffs payoff requests with a pretextual, unsupported claim that "the account went to foreclosure sale on July 18, 2022, and is currently in Real Estate Owned (REO) status", therefore [according to Nationstar], "a payoff is no longer available to be generated for this account due to its status". However, upon a proper review and investigation of Plaintiffs NOEs, Nationstar would have realized that the July 18, 2022 foreclosure sale (that it so heavily rely on), never completely occurred and/or was later vacated. As such, the account/property was not in "REO status", as Nationstar deceitfully claims. Nationstar never acquired legal title (a

certificate of title) to the subject property, and therefore it knows that its claims of the property being in "REO [real estate owned] status", are false.

67. In their November 23, 2022 NOE/Payoff Request #2, Plaintiffs complained that Nationstar erred by "failing to timely provide [them]….with the requested payoff statement…" Moreover, in their NOE/Payoff Request #2, the Plaintiffs specifically referred to both Regulation X and Regulation Z to underscore Nationstar's failure to provide the requested payoff statement.

- Plaintiffs November 23, 2022 NOE/RFI Request #2

68. In its November 30, 2022 inadequate response to Plaintiff's November 23, 2022 NOE/RFI Request #2, Nationstar just simply referred Plaintiff back to the same inadequate responses it provided Plaintiffs on October 31, 2022. Therefore, in its November 30, 2022 letter, Nationstar, once again, refuses to provide and/or adequately provide Plaintiffs with the "loss mitigation, call notes, and other miscellaneous documents requested by Plaintiffs on October 19, 2022, and again on November 23, 2022. In their November 23, 2022 NOE/RFI Request #2, Plaintiffs complained that Nationstar erred by "failing to timely provide [them]….with the requested information…"

69. In relevant part, 12 C.F.R. 1024.39(b) provides in its entirely that:

> (1) Notice required. Except as otherwise provided in this section, a servicer shall provide to a delinquent borrower a written notice with the information set forth in paragraph (b)(2) of this section no later than the 45th day of the borrower's delinquency and again no later than 45 days after each payment due date so long as the borrower remains delinquent. A servicer is not required to provide the written notice, however, more than once during any 180-day period. If a borrower is 45 days or more delinquent at the end of any 180-day period after the servicer has provided the written notice, a servicer must provide the written notice again no later than 180 days after the provision of the prior written notice. If a borrower is less than 45 days delinquent at the end of any 180-day period after the servicer has provided the written notice, a servicer must provide the written notice again no later than 45 days after the payment due date for which the borrower remains delinquent.

70. Thus, Plaintiffs' October 19, 2022 and November 23, 2022 repeated requests for a copy of the "early intervention" written notice, as detailed in Plaintiff's October 19, 2022 and November 23, 2022 "E.I. Request", invoked, not only section 1024.36 of Regulation X, but those letters also invoked section 1024.39 of that Regulation as well. However, nowhere in its October 31, 2022, or its November 30, 2022 responses, does Nationstar even mention the term "early intervention" and/or "C.F.R.1024.39', let alone provide the requested document – or an explanation for its failure to do so.

**Conclusion**

71.     If the Court holds as Nationstar wishes, that none of Plaintiffs' requests pertains to servicing of the loan, and therefore does not trigger Nationstar's obligation to respond, such a ruling would mean that Regulation X and Z's requirement that servicers respond to requests for "payoff statements"; and "early intervention notice", would have no effect. This of course, would violate "one of the most basic interpretive canons - that a statute or regulation should be construed . . . so that no part will be inoperative or superfluous, void or insignificant." *See United States v. Grandberry*, 730 F.3d 968, 981 (9th Cir. 2013).

72.     The reasonableness of a response to a notice of error is an issue of fact. See *Hackett*. Therefore, the Court should find that it cannot (at this early stage in the proceedings); decide whether Nationstar is entitled to judgment, in its favor, under the RESPA. While Nationstar appears to maintain that it conducted a reasonable investigation, the details or scope of that investigation are entirely unknown. It may be that Nationstar reviewed documents showing how the "account" and/or the subject property was NOT in REO Status, but failed to reveal that discovery in its response. At this point in the litigation, the Court does not even have Nationstar's assurance that this investigation even took place, that it was reasonable, and that it properly led to the correct determination. *See, e.g., Becker v. PennyMac Loan Servs., LLC*, 583 F. Supp. 3d 1090, 1100 (S.D. Ohio 2022) ("Whether a given investigation was reasonable strikes the Court as an inquiry ill-suited to resolution at the motion to dismiss stage."). Thus, this Court should deny Nationstar's Motion. Alternatively, Plaintiffs request leave to amend their complaint to cure any deficiencies

Respectfully submitted,
BRUCE BOTSFORD, P.A.
2524 Flamingo Lane
Ft. Lauderdale, Florida 33312
Telephone: (954) 663-7002
service@botsfordlegal.com
supportleader@botsfordlegal.com
botslaw@gmail.com
By: /s *Bruce Botsford*
BRUCE BOTSFORD
Florida Bar No. 31127

CERTIFICATE OF SERVICE

I certify that April 10, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record in this action via transmission of Notices of Electronic Filing generated by CM/ECF.BRUCE BOTSFORD, P.A.

By: /s *Bruce Botsford*
BRUCE BOTSFORD
Florida Bar No. 31127