## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
Division at Miami

Case No.: **23-cv-20114-JAL**

ISIDRO SUAREZ, MARIBEL )
ALMAGUER, MARTHA MORO )
and MARIA L. ALMAGUER )
     Plaintiffs, )
     )
V. )
     )
NATIONSTAR MORTGAGE LLC )
LLC d/b/a Mr. Cooper     )
     Defendant. )

## PLAINTIFFS' RESPONSE TO COURT'S ORDER
## REQUESTING SUPPLEMENTAL BRIEFING []

Plaintiffs, Isidro Suarez, Maribel Almaguer, Martha Moro, and Maria L. Almaguer (collectively, "Plaintiffs") by and through their undersigned counsel, hereby submits this, their Response to the Court's April 25, 2023 Order Directing Plaintiffs to File a Supplemental Memorandum of Law [D.E. 45] and in support hereof, states:

### *Plaintiff's Response as to the Court's*
### *Order Regarding Count I*

1. Count I alleges that Defendant violated RESPA at 12 U.S.C. § 2605(k)(1)(E) by failing "to provide a timely written response to Plaintiffs' first (October 19, 2022) payoff request and thus failed to comply with an obligation found by the CFPB - the obligation to timely provide a payoff statement under TILA)." [D.E. 22, Pgs. 10-12].

2. As the Court has noted however, 12 C.F.R. § 1026.36(c)(3) is cited in count 1 and that count is therefore predicated upon an alleged violation of Regulation Z, 12 C.F.R. § 1026.36(c)(3), which is the Truth in Lending Act's ("TILA") implementing regulation. It

is true that TILA imposes the requirement on servicers to provide payoff statements to borrowers. *See*, 15 U.S.C § 1639(g).

3. However, Regulation X, C.F.R. 1024.35(b)(6), (RESPA's implementing regulation), also requires a servicer to provide an accurate and timely payoff statement upon a borrower's request, and allows the borrower to assert an error when a servicer fails to provide the requested payoff balance.  In relevant part, 12 C.F.R. 1024.35(b)(6) requires a servicer to "comply with any written notice from a borrower that asserts an error that the servicer "failed to provide an accurate payoff balance amount upon a borrower's request *in violation of section 12 CFR 1026.36(c)(3).*" – a TILA provisions. (Emphasis supplied).

4. Admittedly, a servicer's obligations under C.F.R. 1024.35(b)(6), are not triggered until the servicer receives written notice from a borrower that asserts an error that the borrower believes has occurred.  Although Plaintiffs' October 19, 2022 letter requested a payoff balance amount, it did not assert that NATIONSTAR committed an "error" by failing to provide a previously requested payoff balance.  Therefore, Plaintiffs hereby agree to dismiss Count I.

### *Plaintiff's Response as to the Court's Order Regarding Count II*

5. Count II also alleges that Defendant violated RESPA at 12 U.S.C. § 2605(k)(1)(E) by failing "to provide a timely written response to Plaintiffs' second (November 23, 2022) payoff request and thus failed to comply with an obligation found by the CFPB - the obligation to timely provide a payoff statement under TILA)."

6. However, as the Court has noted, 12 C.F.R. § 1026.36(c)(3) is cited in count II and that count is also predicated upon an alleged violation of Regulation Z, 12 C.F.R. § 1026.36(c)(3).

7.  However, Regulation X, C.F.R. 1024.35(b)(6), also creates a requirement on servicers to provide an accurate and timely payoff statement upon a borrower's request, and allows the borrower to assert an error when a servicer fails to provide the requested payoff balance.

8.  A servicer's obligations under C.F.R. 1024.35(b)(6) are triggered once it receives written notice from a borrower that asserts an error that the borrower believes has occurred.

9.  Plaintiffs' November 23, 2022 NOE Payoff Request #2 [D.E. 22, Ex. D] clearly and unequivocally asserted that NATIONSTAR had "erred by not providing an accurate payoff statement [meaning the October 19, 2022 request],…in a timely and/or sufficient manner".

10. Moreover, in their November 23, 2022 NOE Payoff Request #2, Plaintiffs specifically stated that "[MR. COOPER has failed to timely provide us…with the requested payoff statement…in violation of 12 C.F.R. 1024.35(b)(6)" (See D.E. 22, Ex. D, Para. 3). Plaintiffs November 23, 2022 letter cited to 12 C.F.R. 1024.35(e)(3) and reminded NATIONSTAR of its obligations to respond to the November 23, 2022 NOE "not later than seven days – as required by paragraph (b)(6) of 12 C.F.R. 1024.35.

11. To date, NATIONSTAR has failed to provide the response to Plaintiffs' November 23, 2023 NOE or the requested Payoff.  Plaintiffs, who have been attempting to resolve the debt, have been damaged by NATIONSTAR's failure to respond to Plaintiffs.[1]

12. Thus, the facts under Count II of Plaintiffs' amended complaint, are distinctively different from those under Count I in that the Plaintiffs' not only requested a second payoff statement, but more importantly, Count II also asserted an error under Regulation

---

[1] NATIONSTAR misrepresents that it sent a payoff to Plaintiffs in their Motion to Dismiss. Plaintiff's received a payoff from the foreclosure Plaintiff, U.S. Bank, that NATIONSTAR advised previously, was inapplicable to NATIONSTAR.

X, 12 C.F.R. 1024.35(b)(6). Therefore, Plaintiffs hereby request leave to file a second amended complaint to amend Count II as shown in Exhibit A attached hereto. Plaintiffs' proposed deleted text are ~~stricken~~ and the proposed added text, are <u>underscored</u>.

Dated: May 4, 2023.

Respectfully submitted,
BRUCE BOTSFORD, P.A.
2524 Flamingo Lane
Ft. Lauderdale, Florida 33312
Telephone: (954) 663-7002
service@botsfordlegal.com
supportleader@botsfordlegal.com
botslaw@gmail.com


By: *Bruce Botsford*
BRUCE BOTSFORD
Florida Bar No. 31127

## CERTIFICATE OF SERVICE

I certify that on May 4, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served today on counsel of record in this action via transmission of Notices of Electronic Filing generated by CM/ECF.

By: *Bruce Botsford*
BRUCE BOTSFORD
Florida Bar No. 31127