**EXHIBIT "A"**

**PROPOSED AMENDMENT TO COUNT II**

**~~MR. COOPER's~~ NATIONSTAR's VIOLATION OF
THE REAL ESTATE PROCEDURES ACT ("RESPA")
(12 U.S.C. § 2605(k)(1)(E))**

53. Plaintiffs repeat and realleges paragraphs 1 through 52 with the same force and effect as though fully set forth herein.

54. Under 12 U.S.C. § 2605(k)(1)(E), a servicer of a federally related mortgage loan, [such as ~~MR. COOPER~~ <u>NATIONSTAR</u>], must comply with any obligations found by the Bureau of Consumer Financial Protection (~~"CFPB"~~ <u>the "Bureau"</u>). These obligations include, but are not limited to, complying with ~~12 C.F.R. § 1026.36(c)(3) under Regulation Z of the Truth in Lending Act ("TILA")~~. <u>12 C.F.R. § 1024.35(b)(6) under Regulation X of the Real Estate Procedures Act ("RESPA").</u>

55. <u>Under RESPA, Regulation X, 12 C.F.R. § 1024.35(b)(6), it is an enumerated "error" (and a violation of that section), for a servicer to fail to "provide an accurate payoff balance amount upon a borrower's request in violation of section 12 CFR 1026.36(c)(3)."</u>

56. On November 23, 2022, ~~Plaintiffs submitted a second request for an accurate payoff statement pursuant to 12 C.F.R. § 1026.36(c)(3) of the Truth in Lending Act ("second payoff request") to MR. COOPER. Defendant received Plaintiffs' second payoff request on November 28, 2022. (See Exhibits "D" and "E", respectively).~~ Plaintiffs submitted a notice of error <u>("NOE")</u> pursuant to 12 C.F.R. § 1024.35(b)(6) of Regulation X to ~~MR. COOPER~~ <u>NATIONSTAR.</u> Defendant received Plaintiffs' notice of error on November 28, 2022. (See Exhibits "D" and "E", respectively).

57. Plaintiffs' <u>November 23, 2022 NOE and their</u> second payoff request was ~~for~~ <u>regarding</u> information related to ~~his~~ <u>their</u> mortgage loan, and was for the purpose of ~~him~~ <u>them</u> possibly paying off the loan through a negotiated sale of the subject property, and to avoid foreclosure of ~~his~~ <u>their</u> home as contemplated by 12 U.S.C. § 2605(k)(1)(C).<u>.</u> ~~; (also see 12 C.F.R. § 1026.36(c)-(d)).~~

58. Nevertheless, MR. COOPER failed to provide a timely written response to Plaintiffs' <u>November 23, 2022 NOE and their</u> second payoff request and therefore it ~~[MR. COOPER]~~ <u>[NATIONSTAR]</u> failed to comply with an obligation found by the CFPB (the obligation to <u>timely respond to, and to conduct a reasonable investigation of Plaintiffs' November 23, 2022 NOE</u> ~~provide a payoff statement~~ under ~~TILA~~ <u>Regulation X</u>). Thus, Defendant violated 12 U.S.C. § 2605(k)(1)(E) by failing to fulfill its obligation to comply with 12 ~~C.F.R. 1026.36(c)-(d), under the CFPB's Regulation Z.~~ <u>C.F.R. 1024.35(b)(6), under the CFPB's Regulation X.</u>

59.  ~~MR. COOPER's~~ NATIONSTAR's failure to provide a timely and reasonable investigation of ~~response to~~ Plaintiffs' November 23, 2022 NOE ~~second request for an accurate payoff balance~~ within the applicable timeframes of seven (7) business days of receiving ~~receipt~~ said NOE ~~request~~, constitutes a clear violation of the CFPB's requirements under 12 C.F.R. § 1024.35(b)(6) ~~1026.3(e)~~, and therefore violates 12 U.S.C. § 2605(k)(1)(E).

60.  Plaintiffs were harmed by ~~MR. COOPER's~~ NATIONSTAR's failure to comply with the requirements of RESPA, 12 U.S.C. § 2605(k)(1)(E), because they incurred the expenses associated with sending the aforementioned Inquiries/NOEs. ~~and repeated payoff requests.~~ Said expenses include, but are not limited to: their time, postage cost, traveling cost, photocopying costs, and potentially reasonable attorney's fees etc. - but still did not, and has not, timely and/or adequately receive the ~~information or~~ responses and/or reasonable investigation to which he was legally entitled to, pursuant to RESPA and Regulation X~~Z~~.

70.  Here, Defendant is attempting to evade its legal obligations and is effectively stripping the Plaintiffs of their right to obtain a timely and reasonable investigation of their November 23, 2022 NOE ~~an accurate payoff statement~~ within, and subject to, the protective framework of RESPA. ~~and TILA.~~ In fact, ~~MR. COOPER~~ NATIONSTAR has simply disregarded its obligation to timely respond to, and/or investigate Plaintiffs' November 23, 2022 notice of error ~~second requests for an accurate payoff statement~~ in violation of 12 U.S.C. § 2605(k)(1)(E).

71.  As shown by the repeated violations alleged herein, ~~MR. COOPER's~~ NATIONSTAR's actions are in continuation of a pattern and practice of behavior in conscious disregard of the Plaintiffs' rights.

72.  Because of its actions, Defendant is therefore liable to Plaintiffs for actual damages, statutory damages, costs, and attorney fees. See 12 U.S.C. §§ 2605(f)(1)-(3).