IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

| | |
|---|---|
| ISIDRO SUAREZ, MARIBEL ALMAGUER, MARTHA MORO, and MARIA L. ALMAGUER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC, d/b/a Mr. Cooper<br><br>Defendant. | Case No.: 1:23-cv-20114-JAL |

**NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER'S REPLY TO SUPPLEMENTAL MEMORANDUM OF LAW ON MOTION TO DISMISS**

Nationstar Mortgage LLC d/b/a Mr. Cooper (**Nationstar**) replies to plaintiffs Isidro Suarez, Maribel Almaguer, Martha Moro, and Maria L. Almaguer (the **Suarezes**)'s supplemental memorandum of law addressing the issues identified in the Court's order requiring supplemental briefing on Nationstar's motion to dismiss (ECF No. 45).

The Court instructed the Suarezes to cite authority supporting their apparent position that noncompliance with 12 C.F.R. § 1026.36(c)(3) (**Regulation Z**) constitutes a violation of Real Estate Settlement Procedures Act (**RESPA**), 12 U.S.C. § 2605(k)(1)(E). (*Id.*) RESPA § 2605(k)(1)(E) requires servicers' compliance with CFPB regulations implemented to carry out RESPA. (*Id.*) As the Court noted, Regulation X is RESPA's primary implementing regulation, not Regulation Z. (*Id.*) Accordingly, it is no surprise that the Suarezes could not comply with the order. Instead, they dismiss Count I of the amended complaint entirely and request to amend Count

1

II to now allege Nationstar violated RESPA § 2605(k)(1)(E) by violating Regulation X § 1024.35(b)(6). Thus, the Suarezes admit their apparent position was not supported by law.

The Court should not allow the Suarezes to amend Count II, either. Their attempt to re-word the allegations to claim Nationstar violated Regulation X § 1024.35(b)(6) by failing to provide a payoff statement does not save the cause of action. An alleged failure to provide a payoff statement does not violate RESPA § 2605(k)(1)(E). As the Suarezes apparently admit, only a violation of Regulation X violates RESPA § 2605(k)(1)(E). The CFPB stated in its official commentary on Regulation X that it intended the Truth in Lending Act and implementing Regulation Z to be the sole source of servicers' obligations concerning payoff statements. Mortgage Servicing Rules, 78 FR at 10742; *see also Tanasi v. CitiMortgage, Inc.*, 257 F.Supp.3d 232, 264 (D. Conn. 2017) (CFPB intends the Truth in lending Act (Regulation Z) to be the sole source of servicers' obligations concerning payoff statements and, thus, a payoff statement request does not concern servicing under RESPA); *Bracco v. PNC Mortg.*, No. 8:16-CV-1640-T-33TBM, 2016 WL 4507925, at *5 (M.D. Fla. Aug. 26, 2016). Thus, no Regulation X section requires a servicer to provide a payoff statement and failure to do so cannot violate RESPA § 2605(k)(1)(E).

As addressed in Nationstar's motion to dismiss and reply, the Suarezes are mistaken that failure to provide a payoff statement constitutes an error under Regulation X section 1024.35(b)(6). (ECF Nos. 32, 44.) "That section defines [the] listed error as a '[f]ailure to provide an accurate payoff balance amount upon a borrower's request in violation of section 12 CFR 1026.36(c)(3).'" *McCoy v. Wells Fargo Bank, N.A.*, No. 1:20-cv-00176-CL, 2021 WL 4451423, at *7 n.2 (D. Or. July 21, 2021) (quoting 12 C.F.R. § 1024.35(b)(6)). "However an NOE falling under this section would identify an error or inaccuracy in a payoff statement provided; there is no indication that the mere failure to respond to an inquiry itself gives rise to an actionable NOE." *Id.*

Moreover, a servicer can only violate RESPA with respect to requests related to loan "servicing." *E.g.*, *Lopez v. Nationstar Mortg. LLC*, No. 1:20-cv-22496-KMM, 2021 WL 4990958, at *3 (S.D. Fla. Jan. 19, 2021); *Salter v. Ocwen Loan Servicing, LLC*, No. 19-60304-Civ-Scola, 2019 WL 8137877, at *3 (S.D. Fla. June 19, 2019); *Maldonado v. Ocwen Loan Servicing, LLC*, No. 18-62037-CIV-ALTONAGA/Seltzer, 2018 WL 6427682, at *6 (S.D. Fla. Dec. 7, 2018). "A payoff statement does not relate to a borrower's periodic payments and is not necessary for routine servicing, but rather for paying the loan in full." *Tanasi*, 257 F.Supp.3d at 264. "Such a request does not relate to 'servicing' under RESPA"—the very statute the Suarezes claim Nationstar violated in their proposed amended Count II. *See id.*; *see also Estate of Morgan v. BWW Law Group, LLC*, No. CBD-18-170, 2019 WL 2880984, at *10 (D. Md. July 3, 2019).

Even if a servicer could violate Regulation X § 1024.35(b)(6) by failing to provide a payoff statement, no violation occurred here. First, the Suarezes claimed in their November 23, 2022 correspondence that Nationstar committed an error in responding to their October 19, 2022 request, but failing to respond to a request for information is not a listed error under Regulation X § 1024.35 and Nationstar could not generate a payoff statement on October 19, 2022 because the property was in REO. (*See* ECF No. 22 at Ex. C; ECF No. 44 at 7-7.) Second, Regulation Z § 1026.36 "provides an indeterminate timeline for responding to a payoff request when the loan is in foreclosure . . ." *McCoy*, 2021 WL 4451423, at *7 n.2. The judicially noticeable documents attached to Nationstar's motion, which the Suarezes do not dispute, confirm the loan was in foreclosure when the Suarezes requested a payoff statement, and it remains in foreclosure to this day. (*See* ECF No. 36 at 4, 6.) And third, the Suarezes received the payoff balance, which they attached to their original complaint. (*See* ECF No. 6-2 at Ex. C.)

3

Therefore, the Suarezes cannot state a claim for violation of RESPA § 2605(k)(1)(E) based on a violation of Regulation Z. They also cannot state a claim for violation of RESPA § 2605(k)(1)(E) based on a violation of Regulation X in this action because their claimed Regulation X violation is premised on Nationstar's alleged failure to provide a payoff statement. Nationstar requests the Court dismiss the amended complaint in its entirety without leave.

Dated: May 12, 2023

Respectfully submitted,

/s/ *Amber Kourofsky*
Amber Kourofsky (Fla. Bar #85100)
John C. Lynch (admitted *pro hac vice*)
Erin E. Edwards (admitted *pro hac vice*)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
600 Peachtree Street NE, Suite 3000
Atlanta, Georgia 30308-2216
Telephone: (470) 832-5580
Primary Email:
amber.kourofsky@troutman.com
Secondary Email:
christina.hill@troutman.com
Attorneys for Defendant, Nationstar Mortgage LLC d/b/a Mr. Cooper

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2023, a true and correct copy of the foregoing **Nationstar Mortgage LLC d/b/a Mr. Cooper's Reply to Supplemental Memorandum of Law on Motion to Dismiss** was filed electronically via the Court's system. Notice of this filing will also be served on the counsel for Plaintiff via first class mail and electronically.

Bruce Botsford<br>
2524 Flamingo Lane<br>
Ft. Lauderdale, Florida 33312<br>
E-Mail: service@botsfordlegal.com<br>
botslaw@gmail.com

*Amber Kourofsky*
Amber Kourofsky

149639081
154892040v1