## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-20114-CIV-LENARD/LOUIS

**ISIDRO SUAREZ, et al.,**

     Plaintiffs,

**v.**

**NATIONSTAR MORTGAGE LLC,**

     Defendant.

_____/

## ORDER GRANTING NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER'S MOTION TO DISMISS AMENDED COMPLAINT (D.E. 32), GRANTING IN PART AND DENYING IN PART NATIONSTAR'S INCORPORATED REQUEST FOR JUDICIAL NOTICE, DISMISSING THE AMENDED COMPLAINT WITHOUT PREJUDICE, AND CLOSING CASE

**THIS CAUSE** is before the Court on Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper's Motion to Dismiss Amended Complaint, ("Motion," D.E. 32), filed March 6, 2023. Plaintiffs Isidro Suarez, Maribel Almaguer, Martha Moro, and Maria L. Almaguer filed a Response on April 10, 2023, ("Response," D.E. 41), to which Defendant filed a Reply on April 24, 2023, ("Reply," D.E. 44). At the Court's request, (see D.E. 45), Plaintiffs filed a Supplemental Response on May 4, 2023, ("Supplemental Response," D.E. 48), to which Defendant filed a Supplemental Reply on May 12, 2023, ("Supplemental Reply," D.E. 49). However, the Supplemental Reply was not filed within seven days of the Supplemental Response, as required by the Court's Order, (D.E. 45), and therefore the Court will not consider the Supplemental Reply. Upon review of the Motion, Response, Reply, Supplemental Response, and the record, the Court finds as follows.

I.      **Background**[1]

This is an action for alleged violations of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, et seq. ("RESPA"), and its implementing regulation, Regulation X, 12 C.F.R. § 1024.  (Am. Compl. (D.E. 22) ¶ 1.)

Defendant is a loan servicer as that term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), and services the loan obligation that is secured by a mortgage upon Plaintiffs' primary residential property, located at 4470 SW 1st Street, Miami, Florida 33134 (the "Subject Property").  (Id. ¶ 10.)

On October 19, 2022, Plaintiffs sent Defendant a request for information ("RFI") pursuant to RESPA, 12 U.S.C. § 2605, and/or Regulation X, 12 C.F.R. § 1024.36.  (Id. ¶ 26.)  The October 19th RFI requested items from Plaintiffs' "servicing file," and also requested an accurate payoff balance pursuant to 12 C.F.R. § 1026.36(c)(3).[2]  (Id.; see also RFI ¶¶ 2, 13.)

On October 31, 2022, Defendant responded to the RFI.  (Id. ¶ 27.)  The response did not include copies of a payoff statement, loss mitigation call/conversation log, loss mitigation correspondence, early intervention notice, and other items requested by Plaintiffs in the October 19th RFI.[3]  (Id.)

---

[1]      Unless otherwise indicated, the following allegations are gleaned from Plaintiffs' Amended Complaint, (D.E. 22), and are deemed to be true for purposes of ruling on Defendant's Motion to Dismiss.

[2]      A copy of the October 19th RFI is attached as Exhibit A to the Amended Complaint. (D.E. 22 at 30-32.)

[3]      A copy of the cover letter to Defendant's response to the RFI, which describes the contents of the response, is attached as Exhibit C to the Amended Complaint.  (D.E. 22 at 36-39.)

Consequently, on November 23, 2022, Plaintiffs sent Defendant three separate notices of error ("NOE").  The first NOE advised Defendant of its failure to provide an accurate payoff balance within seven business days of the October 19th RFI and, therein, made a second request for an accurate payoff balance,[4] (id. ¶ 28); the second NOE advised Defendant that its response to the October 19th RFI failed to provide a sufficient response to the request for loss mitigation information, including call notes and other items,[5] (id. ¶ 29); and because Defendant did not provide Plaintiffs with a copy of the first "early intervention notice," the third NOE advised Defendant that it failed to comply with its "early intervention" obligations under 12 C.F.R. § 1024.39(b) of Regulation X,[6] (id. ¶ 30).

In its Motion to Dismiss, Defendant asserts that on November 30, 2022, it responded to Plaintiffs' November 23, 2022 NOE.  (Mot. at 5.)  However, this information is not included in the Amended Complaint, and in their Response brief, Plaintiffs deny ever receiving the November 30, 2022 correspondence.  (D.E. 41 at 3.)

On December 9, 2022, Plaintiffs filed a Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, asserting claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.72 & 701.04.  (D.E. 1-1.)  On January 11, 2023,

---

[4]     The first NOE is attached as Exhibit D to the Amended Complaint.  (D.E. 22 at 41-42.)

[5]     The second NOE is attached as Exhibit F to the Amended Complaint.  (D.E. 22 at 46-49.)

[6]     The third NOE is attached as Exhibit H to the Amended Complaint.  (D.E. 22 at 53-54.)

Defendant removed the case to this Court, (Notice of Removal, D.E. 1), and subsequently moved to dismiss the Complaint, (D.E. 7).

On January 11, 2023, the Court issued an Order which, inter alia, required the Parties to file a Joint Scheduling Form that proposed dates and deadlines for the Court's Rule 16(b) Scheduling Order.  (D.E. 3.)  The Court also issued an Order Setting Forth the Court's Policy on Motions for Extension or Stay of the Scheduling Order Deadlines which states:

> Motions for extension of time or for stay regarding the deadlines set forth in the Court's Scheduling Order are highly disfavored. The Parties select and agree to their deadlines as set forth in the Joint Scheduling Report. Thereafter, the Court enters its Scheduling Order and Sets the trial date accordingly. Therefore, in order to preserve the trial date and the administration of the Court's docket, the Court will only grant these motions in the rarest of circumstances, such as an interlocutory appeal.

(D.E. 4.)

On February 13, 2023, the Court issued a Scheduling Order which established a March 31, 2023 deadline to amend pleadings, (D.E. 19 at 2)—which is the deadline the Parties proposed in their Joint Scheduling Form, (D.E. 18-2 at 1).

On February 20, 2023, Plaintiffs filed the operative Amended Complaint, which asserts eight causes of action:

- Count I alleges that Defendant violated RESPA, 12 U.S.C. § 2605(k)(1)(E), by failing to timely provide an accurate payoff balance in response to Plaintiffs' October 19, 2022 RFI, as required by Regulation Z, 12 C.F.R. § 1026.36(c) – (d), (Am. Compl. ¶¶ 43-52);

- Count II alleges that Defendant violated RESPA, 12 U.S.C. § 2605(k)(1)(E), by failing to timely provide an accurate payoff balance in response to Plaintiffs'

November 23, 2022 request, as required by Regulation Z, 12 C.F.R. § 1026.36(c) – (d), (id. ¶¶ 53-62);

- Count III alleges that Defendant violated RESPA, 12 U.S.C. § 2605(k)(1)(E), by failing to provide copies of "call notes or conversation logs," "loss mitigation correspondence," "new creditor notice," and other items, in response to Plaintiffs' October 19, 2022 RFI, as required by Regulation X, 12 C.F.R. § 1024.36, (id. ¶¶ 63-71);

- Count IV alleges that Defendant violated RESPA, 12 U.S.C. § 2605(k)(1)(C), by failing to take timely action to respond to Plaintiffs' November 23, 2022 request to correct an error relating to the final balance of the loan for purposes of paying off the loan, (id. ¶¶ 72-79);

- Count V alleges that Defendant violated Regulation X, 12 C.F.R. § 1024.35(b)(6), by failing to provide an accurate payoff balance in response to Plaintiffs' November 23, 2022 "written inquiry[,]" (id. ¶¶ 80-87);

- Count VI alleges that Defendant violated Regulation X, 12 C.F.R. § 1024.35(e)(1), by failing to provide an accurate payoff balance within seven days of Plaintiffs' November 23, 2022 NOE, (id. ¶¶ 88-96);

- Count VII alleges that Defendant violated Regulation X, 12 C.F.R. § 1024.35(e)(1), by failing to correct the errors asserted in Plaintiffs' November 23, 2022 NOE within thirty days after receiving it, (id. ¶¶ 97-104); and

- <u>Count VIII</u> alleges that Defendant violated Regulation X, 12 C.F.R. § 1024.35(e)(1), by failing to provide Plaintiffs with a copy of the first "early intervention" notice within thirty days of receiving Plaintiffs' November 23, 2022 NOE, (<u>id.</u> ¶¶ 105-112).

On March 6, 2023, Defendant filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.E. 32.) Plaintiffs filed a Response, (D.E. 41), to which Defendant filed a Reply, (D.E. 44). On April 25, 2023, the Court issued a Paperless Order Requiring Supplemental Briefing. (D.E. 45.) Plaintiffs filed a Supplemental Response on May 4, 2023. (D.E. 48.)

## II.    Discussion

First, the Court will address Counts I and II in light of the supplemental briefing. Second, the Court will address Defendant's request that the Court take judicial notice of certain exhibits attached to its Motion to Dismiss. Finally, the Court will address whether the Amended Complaint should be dismissed for failure to state a claim.

### a.    Counts I and II

On April 25, 2023, the Court issued a Paperless Order Requiring Supplemental Briefing, stating, in relevant part:

> Counts I and II of the Amended Complaint allege violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(k)(1)(E), which provides: "A servicer of a federally related mortgage shall not fail to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter." Regulation X is "RESPA's primary implementing regulation." <u>Bivens v. Bank of Am., N.A.</u>, 868 F.3d 915, 919 (11th Cir. 2017) (citing <u>Lage v. Ocwen Loan Servicing, LLC</u>, 839 F.3d 1003, 1005 (11th Cir. 2016)). Count I and II, however, are predicated

6

upon alleged violations of Regulation Z, 12 C.F.R. § 1026.36(c)(3), which is the Truth in Lending Act's implementing regulation. (See Am. Compl. paras. 43-62.)

Defendant has filed a Motion to Dismiss the Amended Complaint, which is fully briefed. However, the Parties' briefs do not address whether 12 C.F.R. § 1026.36(c)(3) applies to RESPA, such that noncompliance with that regulation could be found to violate 12 U.S.C. § 2605(k)(1)(E).

(Id.)   Thus, the Court ordered Plaintiffs to file a supplemental memorandum of law addressing this issue, and provided Defendant an opportunity to reply. (Id.)

Plaintiffs filed their Supplemental Response on May 4, 2023. (D.E. 48.) Therein, they agree to dismiss Count I of the Amended Complaint. (Id. at 2.) As to Count II, Plaintiffs appear to concede that failing to timely provide an accurate payoff balance in response to Plaintiffs' November 23, 2022 request, as required by Regulation Z, 12 C.F.R. § 1026.36(c), does not violate RESPA. (See id. at 2-3.) However, they argue that "Regulation X, [sic] C.F.R. 1024.35(b)(6), also creates a requirement on servicers to provide an accurate and timely payoff statement upon a borrower's request, and allows the borrower to assert an error when a servicer fails to provide the requested payoff balance." (Id. at 3.) They argue that Defendant has violated this provision, and request leave to file a Second Amended Complaint to amend Count II. (Id. at 3-4.) Defendant filed an untimely Supplemental Reply which the Court will not consider.

First, because Plaintiffs have agreed to dismiss Count I, Count I is hereby **DISMISSED** for failure to state a claim under RESPA.

Second, the Court construes Plaintiffs' request to file a Second Amended Complaint to amend Count II as a motion to extend the amended pleadings deadline. The Court's

Scheduling Order established a March 31, 2023 deadline for amendment of pleadings, (D.E. 19 at 2)—which is the deadline the Parties proposed in their Joint Scheduling Form, (D.E. 18-2 at 1).  Plaintiffs requested leave to file a Second Amended Complaint in their Supplemental Response, which was filed on May 4, 2023—a month and a half after the deadline for amendment of pleadings.

"[W]hen a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused." Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 n.2 (11th Cir. 1998) (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).  Rule 16(b) requires district courts to "issue a scheduling order" that "limit[s] the time to join other parties, amend the pleadings, complete discovery, and file motions."   "Such orders 'control the subsequent course of the action unless modified by a subsequent order,' Fed. R. Civ. P. 16(e), and may be modified only 'upon a showing of good cause.'" Sosa, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16(b)(4)).  "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" Id. (quoting Fed. R. Civ. P. 16 advisory committee's note).  Only if a party first shows good cause under Rule 16(b) will the Court move on to "consider whether amendment is proper under Rule 15(a)." Id. at 1419 (citing Johnson, 975 F.2d at 607-08; Anda v. Ralston Purina, Co., 959 F.2d 1149, 1155 (1st Cir. 1992)).

Here, the Court finds that Plaintiffs have not established good cause to extend the deadline for amendment of pleadings.  The Court finds that with diligence, Plaintiffs could have alleged a violation of RESPA based upon Defendant's alleged noncompliance with

Regulation X, 12 C.F.R. § 1024.35(b)(6), prior to the amended pleadings deadline. Plaintiffs were clearly aware of Defendant's alleged noncompliance with 12 C.F.R. § 1024.35(b)(6) prior to the amended pleadings deadline, as Count V of the Amended Complaint alleges a violation of that regulation based upon Defendant's "failure to timely provide Plaintiffs with an accurate payoff balance as requested by Plaintiffs . . . ." (Am. Compl. ¶ 82.)  Additionally, pursuant to the Court's Order Setting Forth the Court's Policy on Motion for Extension or Stay of the Scheduling Order Deadlines, Plaintiffs were on notice that motions for extension of the Scheduling Order deadlines "are highly disfavored" and will only be granted "in the rarest of circumstances, such as an interlocutory appeal." (D.E. 4.)  Those circumstances are not present here.

Consequently, Plaintiffs' request for leave to file a Second Amended Complaint is **DENIED**, and Count II is **DISMISSED** for failure to state a claim under RESPA.  See Deegan v. City of Homestead, 750 F. App'x 796, 799 (11th Cir. 2018) (finding that the district court did not abuse its discretion by denying the plaintiff's motion for leave to file a second amended complaint filed after the deadline for amendment of pleadings).

   **b.    Judicial notice**

Next, Defendant requests that the Court take judicial notice of several items it attached as exhibits to its Motion, including:

1. A Verified Mortgage Foreclosure Complaint dated September 7, 2017, filed in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, by U.S. Bank National Association, which currently owns Plaintiffs' note and mortgage, against Plaintiffs herein, ("Foreclosure Action"), (D.E. 32-1);

2. A Final Judgment of Foreclosure entered by the Court in the Foreclosure Action on October 29, 2019, (D.E. 32-2);

3. A Motion to Vacate Sale and Reschedule Foreclosure Sale filed by U.S. Bank in the Foreclosure Action, (D.E. 32-3);

4. An Agreed Order Vacating Sale and Rescheduling Foreclosure Sale entered in the Foreclosure Action, (D.E. 32-4);

5. The November 30, 2022 correspondence Defendant allegedly sent to Plaintiffs in response to their November 23, 2022 NOE, (D.E. 32-5); and

6. A copy of the docket sheet in the Foreclosure Action, (D.E. 32-6).

(Mot. at 6-8.)  Defendant argues that items 1 through 4, and 6, are subject to judicial notice "because they are pleadings and orders publicly filed in the [Plaintiffs'] foreclosure litigation, and "[a] court may judicially notice matters of public record."  (Mot. at 6-7 (citing Fed. R. Evid. 201).)  Defendant argues that item 5 is subject to judicial notice because Rule 201(b) "authorizes judicial notice when 'the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint.'"  (Id. (quoting Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005)).)  It argues that "[t]his prevents 'plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based.'"  (Id. at 7 (quoting Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998)).)

Plaintiffs do not directly respond to the request for judicial notice, and do not assert an opposition to Defendant's request for judicial notice of the Foreclosure Action materials. However, Plaintiffs state that they never received a copy of the correspondence Defendant allegedly sent them on November 30, 2022, and argue that Defendant "failed to

authenticate the November 30, 2022 letter and also failed to provide any proof that it actually mailed the November 30, 2022 letter to Plaintiffs and/or their Representative." (Resp. at 3 ¶ 12.)  Thus, it appears that Plaintiffs oppose the request for judicial notice as to the November 30, 2022 letter.  (See id.)

Pursuant to Federal Rule of Evidence 201, a "court may judicially notice a fact that is not subject to reasonable dispute because it: **(1)** is generally known within the trial court's territorial jurisdiction; or **(2)** can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  A court "must take judicial notice if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c)(2).

Because Plaintiffs failed to respond to Defendants' request for judicial notice as to the Foreclosure Action materials, the request for judicial notice is **GRANTED BY DEFAULT** as to items 1 through 4, and 6 of the request.  See S.D. Fla. L.R. 7.1(c)(1) (stating that failure to serve an opposing memorandum of law "may be deemed sufficient cause for granting the motion by default").

Alternatively, the request for judicial notice is **GRANTED ON THE MERITS** as to items 1 through 4, and 6 of Defendant's request.  The Court finds that the Foreclosure Action materials are subject to judicial notice.  See Paez v. Sec'y, Fla. Dep't of Corrs., 947 F.3d 649, 652-53 (11th Cir. 2020) (observing that information contained on a state court's online docket may be judicially noticed, but stating that caution should be exercised because some information (like filing dates) may not always be accurate); United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) ("[A] court may take notice of another court's

order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation.").

However, the request for judicial notice is **DENIED** as to item 5 of Defendant's request—i.e., the November 30, 2023 letter.  "[A] document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed."  Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002) (citing Harris v. Ivax Corp., 182 F.3d 799, 802 n.2 (11th Cir. 1999)).  "'Undisputed' in this context means that the authenticity of the document is not challenged."  Id. (citations omitted).

Here, assuming arguendo that the November 30, 2023 letter is central to Plaintiffs' claim—and not merely central to Defendant's defense—Plaintiffs challenge its authenticity.  (See Resp. at 3 ¶ 12.)  Thus, the Court declines to take judicial notice of the November 30, 2023 letter.

### c.   Motion to dismiss for failure to state a claim

Finally, Defendant moves to dismiss the Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[7]  (Mot. at 8-18.)

Under Rule 12(b)(6), a court may dismiss a claim for "failure to state a claim upon which relief can be granted."  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

---

[7]      Because the Court has already dismissed Counts I and II, (see supra Section II(a)), it will limit its discussion to Counts III through VIII.

Twombly, 550 U.S. 544, 570 (2007)).  Conclusory statements, assertions or labels will not

survive a 12(b)(6) motion to dismiss.  Id.  "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged."  Id.; see also Edwards v. Prime, Inc., 602

F.3d 1276, 1291 (11th Cir. 2010) (setting forth the plausibility standard).   "Factual

allegations must be enough to raise a right to relief above the speculative level[.]"

Twombly, 550 U.S. at 555 (citation omitted).  Additionally:

> Although it must accept well-pled facts as true, the court is not required to
> accept a plaintiff's legal conclusions.  Ashcroft v. Iqbal, 556 U.S. 662, 129
> S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (noting "the tenet that a court
> must accept as true all of the allegations contained in a complaint is
> inapplicable to legal conclusions").   In evaluating the sufficiency of a
> plaintiff's pleadings, we make reasonable inferences in Plaintiff's favor, "but
> we are not required to draw plaintiff's inference."   Aldana v. Del Monte
> Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly,
> "unwarranted deductions of fact" in a complaint are not admitted as true for
> the purpose of testing the sufficiency of plaintiff's allegations. Id.; see also
> Iqbal, 129 S. Ct. at 1951 (stating conclusory allegations are "not entitled to
> be assumed true").

Sinaltrainal v. Coca-Cola, 578 F.3d 1252, 1260 (11th Cir. 2009), abrogated on other

grounds by Mohamad v. Palestinian Auth., 566 U.S. 449, 453 n.2 (2012).  The Eleventh

Circuit has endorsed "a 'two-pronged approach' in applying these principles: 1) eliminate

any allegations in the complaint that are merely legal conclusions; and 2) where there are

well-pleaded factual allegations, 'assume their veracity and then determine whether they

plausibly give rise to an entitlement to relief.'"  Am. Dental Ass'n v. Cigna Corp., 605 F.3d

1283, 1290 (11th Cir. 2010) (quoting Iqbal, 556 U.S. at 679).

"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting GSW, Inc. v. Long Cnty., 999 F.2d 1508, 1510 (11th Cir. 1993)). The Court may also consider "matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) (citation omitted).

Defendant argues that under RESPA and Regulation X, "a qualified written request, notice of error, or request for information 'must relate to the servicing of a mortgage loan to trigger a servicer's responsive obligations under RESPA' or Regulation X." (Mot. at 9 (quoting Lopez v. Nationstar Mortg. LLC, Case No. 1:20-cv-22496-KMM, 2021 WL 4990958, at *3 (S.D. Fla. Jan. 19, 2021)), and citing Maldonado v. Ocwen Loan Servicing, LLC, CASE NO. 18-62037-CIV-ALTONAGA/Seltzer, 2018 WL 6427682, at *6 (S.D. Fla. Dec. 7, 2018); Salter v. Ocwen Loan Servicing, LLC, No. 19-60304-Civ-Scola, 2019 WL 8137877, at *3 (S.D. Fla. June 19, 2019); Friess v. Shellpoint Mortg. Servicing, No. CV-21-08101-PCT-GMS, 2022 WL 742728, at *2 (D. Ariz. Mar. 11, 2022); McCoy v. Wells Fargo Bank, N.A., No. 1:20-cv-00176-CL, 2021 WL 4451423, at *4 (D. Or. July 21, 2021).) It argues that "information related to loan servicing includes only 'information about the receipt of periodic payments or the amounts of such payments.'" (Id. at 10 (citing Hudgins v. Seterus, Inc., 192 F. Supp. 3d 1343, 1349 (S.D. Fla. 2016); Wesner v. Ocwen Loan Servicing, LLC, No. 16-81476-CIV-MARRA, 2016 WL 9649873, at *3 (S.D. Fla. Nov. 14, 2016)).) It argues that Plaintiffs' letters of October 19 and November 23, 2022 do not qualify as RFIs or NOEs under RESPA and/or Regulation X because they do not

14

relate to loan servicing, and therefore its responses to those letters were adequate.  (<u>Id.</u>)
Defendant argues that Plaintiffs cannot plead a violation with respect to the October 19
letter because: (1) it contains broad, all-encompassing loan record requests, (<u>id.</u> at 10-11
(citations omitted)); (2) it does not recite any concerns about or information relating to
potential account servicing errors, (<u>id.</u> at 12-13 (citations omitted)); and (3) the categories
of documents and information requested in the letter do not relate to loan servicing, (<u>id.</u> at
13-16 (citations omitted)).  Defendant argues that Plaintiffs cannot plead a violation with
respect to the November 23 letter because it simply "regurgitate[s]" Plaintiffs' prior
requests and complains of Defendant's alleged inadequate response to the October 19
letter.  (<u>Id.</u> at 17.)  It argues that because it adequately responded to the October 19 letter,
the claims related to the November 23 letter cannot survive.  (<u>Id.</u>)  It further argues that "a
loan servicer has no obligation to respond to duplicative requests."  (<u>Id.</u> (citing 12 C.F.R.
§ 1024.36(f)(1)(i); <u>Hawkins-El v. First Am. Funding, LLC</u>, 891 F. Supp. 2d 402, 409
(E.D.N.Y. 2012); <u>Lebeau v. U.S. Bank, N.A.</u>, No. 17-329-JJM-PAS, 2019 WL 1077285,
at *4 (D.R.I. Mar. 7, 2017)).)  Defendant argues that in any event, it adequately responded
to Plaintiffs' November 23 letter by enclosing its response to the October 19 letter.  (<u>Id.</u> at
17.)  It argues that Plaintiffs "sought only to inundate Nationstar with correspondence to
set up causes of action" and "Courts do not allow these tactics."  (<u>Id.</u> (citing <u>Russel v.</u>
<u>Nationstar Mortg., LLC</u>, CASE NO. 14-61977-CIV-BLOOM/VALLE, 2015 WL 5819663,
at *3 (S.D. Fla. Oct. 6, 2015)).)

     Plaintiffs argue that a loan servicer must respond to a borrower's request for
information about the loan even if the requested information does not specifically relate to

servicing.  (Resp. at 1, 4-5, 7 (citing Brief of <u>Amicus Curiae</u> Consumer Financial Protection Bureau in Support of Plaintiffs-Appellants, <u>McCoy v. Wells Fargo Bank, N.A.</u>, No. 21-35892 (9th Cir. Apr. 4, 2022), <u>available at</u> https://www.consumerfinance.gov/compliance/amicus/briefs/mccoy-v-wells-fargo-bank-na/ (last visited May 17, 2023) (hereafter "CFPB Amicus Brief")).)  They argue that the plain language of Regulation X, 12 C.F.R. § 1024.36(a), "broadly requires servicers to respond to requests that seek information 'with respect to' a borrower's mortgage loan." (<u>Id.</u> at 5-6.)  They argue that when the Consumer Financial Protection Bureau ("CFPB") promulgated Regulation X it explicitly stated that it "'does not limit information requests to those related to servicing.'"  (<u>Id.</u> at 6 (quoting Mortgage Servicing Rules Under the Real Estate Settlement Procedures Act (Regulation X), 78 Fed. Reg. 10696, 10761 (Feb. 14, 2012)).)  Plaintiffs argue that the Court should reject Defendant's argument that their October 19 RFI was impermissibly expansive because "the majority (if not all) of Plaintiff's October 19, 2022 RFI were requesting items that Servicers such as Nationstar is required to maintain as part of Plaintiffs' 'servicing file' under 12 C.F.R. § 1024.38(c)(2)[,]" and "none of Defendant's responses to Plaintiffs' RFIs and/or NOEs, ever raised the issue of 'expansiveness', or any other exemptions under 12 C.F.R. § 1024.36(f)(1)."  (<u>Id.</u>)  They further argue that Counts III through VIII state claims under RESPA because they allege that Defendant failed to adequately investigate and respond to the RFIs and NOEs.  (<u>Id.</u> at 9-16.)

In their Reply, Defendant maintains that all-encompassing record requests do not fall within RESPA or Regulation X.  (D.E. 44 at 2-3.)  It further maintains that under

RESPA, both RFIs and NOEs must relate to servicing to trigger a loan servicer's responsive obligations under Regulation X, and here Plaintiffs' RFIs and NOEs did not relate to servicing.  (Id. at 3-7.)  It argues that the only authority Plaintiffs provide in support of their argument that a servicer must respond to requests seeking information "with respect to" a loan is the CFPB's amicus brief in McCoy, which holds no precedential value and is not entitled to deference because it is inconsistent with RESPA.  (Id. at 4-5 (citing Maldonado, 2018 WL 6427682, at *4; Hudgins, 192 F. Supp. 3d at 1350-51; Nash v. PNC Bank, N.A., Civil Action No. TDC-16-2910, 2017 WL 1424317, at *6 (D. Md. Apr. 20, 2017)).)  Defendant further argues that Plaintiffs cannot state a claim based on the payoff statement requests because (1) those requests did not relate to "loan servicing"; (2) even if they provided a proper notice of error under Regulation Z Defendant was not required to provide a payoff balance within seven days because the loan was in foreclosure; and (3) Plaintiffs received a payoff balance from the loan owner's foreclosure counsel shortly after Plaintiffs requested it from Defendant.  (Id. at 7-10.)

RESPA requires a loan servicer to respond to "a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan" within thirty (30) days of receiving one.  12 U.S.C. § 2605(e)(1) & (2) (emphasis added).  RESPA defines "servicing" as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan."  12 U.S.C. § 2605(i)(3).  A qualified written request

**(i)** includes, or otherwise enables the servicer to identify, the name and account of the borrower; and

**(ii)** includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B).  Thus, a qualified written request ("QWR") is either a notice of error, 12 C.F.R. § 1024.35, or a request for information, 12 C.F.R. § 1024.36.  See Friess, 2022 WL 742728, at *2; Rakestraw v. Nationstar Mortg., LLC, 2019 WL 3521954, at *3 (N.D. Ga. May 29, 2019); St. Claire v. Ditech Fin. LLC, CIVIL ACTION NO. 1:17-cv-3370-AT-JFK, 2018 WL 4850127, at *3 (N.D. Ga. Sept. 21, 2018).

In order to survive a motion to dismiss, a complaint alleging violations of RESPA, must allege: "'1) Defendant is a loan servicer; 2) Defendant received a QWR [('Qualified Written Request')] from Plaintiff; 3) the QWR relates to servicing of mortgage loan; 4) Defendant failed to respond adequately; and 5) Plaintiff is entitled to actual or statutory damages.'" Hudgins, 192 F. Supp. 3d at 1348 (quoting Porciello v. Bank of Am., N.A., No. 8:14–CV–1511–T–17AEP, 2015 WL 899942, at *3 (M.D. Fla. Mar. 3, 2015)). See also Lopez, 2021 WL 4990958, at *3; Maldonado, 2018 WL 6427682, at *4; Walker v. Branch Banking & Tr. Co., 237 F. Supp. 3d 1326, 1331 (S.D. Fla. 2017); Correa v. BAC Home Loans Servicing LP, No. 6:11–cv–1197–Orl–22DAB, 2012 WL 1176701, at *5-6 (M.D. Fla. Apr. 9, 2012).

The Court rejects Plaintiffs' argument that a loan servicer must respond to a request for information even if it does not relate to the servicing of the loan, so long as it seeks

information "with respect to" a loan pursuant to Regulation X, 12 C.F.R. § 1024.36(a).[8]
(See Resp. at 1, 5-7 (citing CFPB Amicus Brief).)  This Court agrees with other courts that
have addressed this argument and finds that Regulation X did not expand the scope of
RESPA to require a loan servicer to respond to a request seeking information "with respect
to" a loan.  See Nash, 2017 WL 1424317, at *1, 6 ("This argument fails because the
language in a regulation cannot be read to broaden the scope of the statutory definition of
'servicing' or to expand the types of requests for information constituting a QWR beyond
those established by the statute.") (citing Smallwood v. Bank of Am., N.A., Case No. 1:15-
cv-336, 2015 WL 7736876, at *7 n.13 (S.D. Ohio Dec. 1, 2015)); see also Maldonado,
2018 WL 6427682, at *4; Hudgins, 192 F. Supp. 3d at 1350-51.  Rather, to trigger a loan
servicer's responsive obligations under RESPA, a QWR must "relat[e] to the servicing" of
a mortgage loan.  12 U.S.C. § 2605(e)(1)(A); Friess, 2022 WL 742728, at *2; Lopez, 2021
WL 4990958, at *3; McCoy, 2021 WL 4451423, at *4; Salter, 2019 WL 8137877, at *2;
Rakestraw, 2019 WL 3521954, at *3; Maldonado, 2018 WL 6427682, at *4; Hudgins, 192
F. Supp. 3d at 1350-51.   Under RESPA, "[t]he term 'servicing' means receiving any
scheduled periodic payments from a borrower pursuant to the terms of any loan, . . . and
making the payments of principal and interest and such other payments with respect to the

---

[8]     Under Regulation X, "[a] servicer shall comply with the requirements of this
section for any written request for information from a borrower that includes the name of the
borrower, information that enables the servicer to identify the borrower's mortgage loan account,
and states the information the borrower is requesting with respect to the borrower's mortgage
loan." 12 C.F.R. § 1024.36(a).

amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3).

Here, Plaintiffs do not argue that the October 19th and November 23rd RFIs and NOEs relate to the servicing of the loan, as that term is defined by RESPA. For that reason, and for the reasons discussed in the following subsections, the Court finds that the Amended Complaint fails to state a claim upon which relief can be granted.

### 1.      Count III

The October 19th RFI requested, <u>inter alia</u>, a copy of "[a]ny and all call notes created by servicer personnel . . . ," "all loss mitigation correspondence[,]" "the new creditor notice[,]" "an accurate payoff balance/statement[,]" and "the very first early intervention written notice[.]" (D.E. 22 at 30-32.)

Count III of the Amended Complaint alleges that Defendant violated RESPA, 12 U.S.C. § 2605(k)(1)(E), by failing to provide copies of "call notes or conversation logs," "loss mitigation correspondence," and a "new creditor notice" in response to Plaintiffs' October 19th RFI, as required by Regulation X, 12 C.F.R. § 1024.36(d). (Am. Compl. ¶¶ 63-71). Count III also incorporates by reference paragraph 27 of the Amended Complaint, (<u>id.</u> ¶ 63), which alleges that Defendant failed to respond to the October 19th RFI's request for "a payoff statement" and an "early intervention notice," (<u>id.</u> ¶ 27).

The Court finds that Count III fails to state a claim upon which relief can be granted under 12 U.S.C. § 2605(k)(1)(E) because the at-issue requests did not "relat[e] to the servicing" of a mortgage loan. 12 U.S.C. § 2605(e)(1)(A). First, a request for "[a]ny and all call notes created by servicer personnel" does not relate to the servicing of a mortgage

loan under RESPA.  See, e.g., Philistin v. Ocwen Loan Servicing, LLC, CASE NO. 19-CIV-80048-ROSENBERG/REINHART, 2019 WL 1474329, at *6 (S.D. Fla. Mar. 18, 2019) (finding that borrower's request for "call log and call notes/communication" did not relate to servicing under RESPA), report and recommendation adopted 2019 WL 1486855 (S.D. Fla. Apr. 4, 2019); Hudgins, 192 F. Supp. 3d at 1352 (finding that the borrower's "expansive[]" request for "all correspondence" did not relate to servicing under RESPA).

Second, a request for "all loss mitigation correspondence" does not relate to the servicing of a mortgage loan under RESPA.  See, e.g., Hudgins, 192 F. Supp. 3d at 1350 (finding that loss mitigation relates to loan modification and not loan "servicing" under RESPA, and a request for information related to loan modification does not trigger a loan servicer's obligation to respond under 12 C.F.R. § 1024.36(d)); Tanasi v. CitiMortgage, Inc., 257 F. Supp. 3d 232, 267 (D. Conn. 2017) (same); Lopez, 2021 WL 4990958, at *4.

Third, a request for a copy of "the new creditor notice" does not relate to the servicing of a mortgage loan under RESPA.  See, e.g., Searle v. RBS Citizens, N.A., Civil Action No. 17-cv-10427-ADB, 2018 WL 1188756, at *6 (D. Mass. Mar. 7, 2018) ("Information concerning the ownership of the loan . . . or any assignments of the mortgage does not relate to the servicing of the loan.") (citing Poindexter v. Mercedes-Benz Credit Corp., 792 F.3d 406, 413 (4th Cir. 2015)); Helman v. Udren Law Offices, P.C., 85 F. Supp. 3d 1319, 1331 (S.D. Fla. 2014); Ward v. Sec. Atl. Mortg. Elec. Registration Sys., Inc., 858 F. Supp. 2d 561, 574 (E.D.N.C. 2012); Junod v. Dream House Mortg. Co., No. CV 11-7035–ODW (VBKx), 2012 WL 94355, at *3-4 (C.D. Cal. Jan. 5, 2012)); Tanasi, 257 F. Supp. 3d at 265 ("[I]nquiries about the holder of a mortgage note do not pertain to

"servicing," because they do not concern the receipt and processing of mortgage payments."); Wolfbauer v. Ocwen Loan Servicing, LLC, No. 4:15CV3141, 2016 WL 1170982, at *3 (D. Neb. Mar. 24, 2016) ("An inquiry about the validity, ownership, transfer, assignment, or potential modification of a loan is not 'related to the servicing' of the loan and does not constitute a QWR.") (collecting cases); Kelly v. Fairon & Assoc., 842 F. Supp. 2d 1157, 1160 (D. Minn. 2012) ("Requests for information pertaining to the identity of a note holder . . . do not relate to servicing."); Devary v. Countrywide Home Loans, Inc., 701 F. Supp. 2d 1096, 1108 (D. Minn. 2010) (explaining that "ownership of the loan" does not relate to servicing); Marsh v. BAC Home Loans Servicing, LP, 2011 WL 1196415, at *8 n.8 (M.D. Fla. Mar. 29, 2011) (finding that note-ownership information did not relate to "servicing" of loan).

Fourth, a request for "an accurate payoff balance/statement" does not relate to the servicing of a mortgage loan under RESPA.  Tanasi, 257 F. Supp. 3d at 264 ("A payoff statement does not relate to a borrower's periodic payments and is not necessary for routine servicing, but rather for paying the loan in full.  Such a request does not relate to 'servicing' under RESPA.") (citing Mohamed v. Select Portfolio Servicing, Inc., 215 F. Supp. 3d 85, 98-99 (D.D.C. 2016); Hudgins, 192 F. Supp. 3d at 1351; Bracco v. PNC Mortg., Case No. 8:16-cv-1640-T-33TBM, 2016 WL 4507925, at *5 (M.D. Fla. Aug. 29, 2016)).

Fifth, a servicer's "early intervention" responsibilities under 12 C.F.R. § 1024.39 require the servicer to contact a delinquent borrower to "inform the borrower about the availability of loss mitigation options . . . ."  12 C.F.R. § 1024.39(a).  As such, a request for "the very first early intervention written notice" is related to loan modification, not loan

"servicing" under RESPA.  See Hudgins, 192 F. Supp. 3d at 1350 (finding that a request for information related to loan modification does not trigger a loan servicer's obligation to respond under 12 C.F.R § 1036(d)); Tanasi, 257 F. Supp. 3d at 267 (same); Ditto v. JPMorgan Chase Bank, N.A., 234 F. Supp. 3d 1217, 1220 (S.D. Fla. 2017) (collecting cases and agreeing "with the[ir] reasoning and conclusions . . . [and holding] that a request for loan modification information does not trigger an obligation to respond by operation of 12 C.F.R. § 1024.36(d)(2)(i)(B) and 12 U.S.C. § 2605(k)(1)").

Consequently, Count III is **DISMISSED** for failure to state a claim.

### 2.    Count IV

Count IV alleges a violation of 12 U.S.C. § 2605(k)(1)(C), which provides that a loan servicer shall not "fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties[.]" (Emphasis added.) It alleges that Defendant violated this provision by failing "to correct an error relating to the alleged final balance that Plaintiffs needed to 'pay off' the subject loan[,]" as requested in their November 23, 2022 NOE to Defendant.  (Am. Compl. ¶ 74.)

"A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls."  Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016) (citing Crenshaw v. Lister, 556 F.3d 1283, 1292 (11th Cir. 2009)).  "The classic example is when a plaintiff attaches a document to his complaint but his allegations about what the document is or says contradict the

document itself." Id. (citing Simmons v. Peavy-Welsh Lumber Co., 113 F.2d 812, 813 (5th Cir. 1940)).[9]

The Court finds that Count IV fails to state a claim under Section 2605(k)(1)(C) because the November 23rd NOE did not request that Defendant correct an error in the final balance for purposes of paying off the loan.  Rather, it notified Defendant that it altogether failed to provide Plaintiffs with accurate payoff statement, as requested in the October 19th RFI.  (D.E. 22 at 41-42 (stating that Defendant failed to provide an accurate payoff statement as requested by the October 19th RFI, "which is an error asserted under paragraph (b)(6) of 12 C.F.R. § 1024.35").)  However, "notifying a loan servicer of its failure to adequately respond to an RFI . . . does not notify a servicer of an 'error' sufficient to establish the RESPA cause of action Plaintiffs allege."[10]  Walker, 237 F. Supp. 2d at 1333 (citing Nunez v. J.P. Morgan Chase Bank, N.A., 648 F. App'x 905, 907 (11th Cir. 2016)).  See also McCoy, 2021 WL 4451423, at *7 n.2 ("NOE #2 identifies a failure to respond to a payoff request, but it does not identify an error.  This is not an actionable NOE.")

Consequently, Count IV is **DISMISSED** for failure to state a claim.

---

[9]      In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

[10]      The November 23rd NOE also made a second request for an "[a]ccurate payoff statement or balance for the purpose of paying off the subject loan."  (D.E. 22 at 42.)  However, this request was not a request to correct an error in a final balance for purposes of paying off a loan.

24

### 3.      Counts V through VIII

Counts V through VIII allege various violations of Regulation X, 12 C.F.R. §
1024.35.  Specifically, Count V alleges that Defendants violated 12 C.F.R. § 1024.35(b)(6)
by failing to provide an accurate payoff balance in response to Plaintiffs' November 23,
2022 "written inquiry[,]" (Am. Compl. ¶¶ 80-87); Count VI alleges that Defendant violated
12 C.F.R. § 1024.35(e)(1), by failing to provide an accurate payoff balance within seven
days of Plaintiffs' November 23, 2022 NOE, (id. ¶¶ 88-96); Count VII alleges that
Defendant violated 12 C.F.R. § 1024.35(e)(1), by failing to correct the errors asserted in
Plaintiffs' November 23, 2022 NOE within thirty days of receiving it, (id. ¶¶ 97-104); and
Count VIII alleges that Defendant violated 12 C.F.R. § 1024.35(e)(1), by failing to provide
Plaintiffs with a copy of the first "early intervention" notice within thirty days of receiving
Plaintiffs' November 23, 2022 NOE, (id. ¶¶ 105-112).

"Regulation X applies only to information related to the servicing of the loan."
Philistin, 2019 WL 1474329, at *5 (citing Maldonado, 2018 WL 6427682, at *4; Hudgins,
912 F. Supp. 3d at 1348-50).  Under RESPA, "[t]he term 'servicing' means receiving any
scheduled periodic payments from a borrower pursuant to the terms of any loan, . . . and
making the payments of principal and interest and such other payments with respect to the
amounts received from the borrower as may be required pursuant to the terms of the loan."
12 U.S.C. § 2605(i)(3).

As previously discussed, neither the failure to provide an accurate payoff balance,
the failure to provide Plaintiffs with a copy of an early intervention notice, nor any other

error asserted in the NOEs relate to the servicing of a loan.[11]  (See Section II(c)(1), supra.)

"As the failure to provide the information does not constitute a violation of the RESPA, so,

too, does the failure not constitute an 'error' in servicing as defined by 12 C.F.R. section

1024.35(b)."  Maldonado, 2018 WL 6427682, at *6.

Consequently, Counts V through VIII are **DISMISSED** for failure to state a claim.

---

[11]     Furthermore, even if failing to respond to a request for an accurate payoff statement
did relate to the servicing of a mortgage loan, an NOE falling under 12 C.F.R. § 1024.35(b)(6)
"would identify an error or an inaccuracy in a payoff statement provided; there is no indication
that the mere failure to respond to an inquiry itself gives rise to an actionable NOE."  McCoy, 2021
WL 4451423, at *7 n.2.  Here, Plaintiffs allege a mere failure to respond to their request for an
accurate payoff statement, but they do not identify an error.  "This is not an actionable NOE."  Id.

Additionally, as the Tanasi court observed:

[I]n its official commentary on Regulation X, the CFPB states that it intended the
Truth in Lending Act, as implemented by Regulation Z, to be the sole source of
servicers' obligations concerning payoff statements.  The CFPB notes that "the
failure to provide a payoff balance is an error only in those circumstances in which
TILA section 129G, as implemented by § 1026.36(c)(3) of the 2013 TILA
Servicing Final Rule, applies," and adds that "there would be little consumer benefit
to subjecting servicers to potentially overlapping standards under TILA and
RESPA as to the provision of a payoff statement."  Mortgage Servicing Rules, 78
FR at 10742; see also Bracco v. PNC Mortg., No. 8:16-CV-1640-T-33TBM, 2016
WL 4507925, at *5 (M.D. Fla. Aug. 29, 2016) ("The request for a current payoff
statement cannot transform Bracco's RFI into a QWR related to "servicing" of a
loan. The Truth in Lending Act (TILA), rather than RESPA, imposes the
requirement on servicers of home loans to provide payoff statements to
borrowers.").  Given the CFPB's interest in avoiding "overlapping standards," the
Court concludes that the request for a payoff statement did not concern "servicing"
under RESPA.

257 F. Supp. 3d at 264.

### III.    Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that:

**1.**    Nationstar Mortgage LLC d/b/a Mr. Cooper's Motion to Dismiss Amended

Complaint (D.E. 32) is **GRANTED**;

**2.**    Nationstar's incorporated Request for Judicial Notice is **GRANTED IN

PART AND DENIED IN PART** consistent with this Order;

**3.**    Plaintiffs' Amended Complaint (D.E. 22) is **DISMISSED without

prejudice**;

**4.**    All pending motions are **DENIED AS MOOT**; and

**5.**    This case is now **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 19th day of May,

2023.

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**

27